CANTON COTTON WAREHOUSE CO. v. ROSANNA POTTS.

PUBLIC NUISANCE.   *Obstruction of street.   Abatement.   Private suit.*

> Where persons permanently obstruct a public street in a town, and thus deprive a residence fronting thereon of its only direct and convenient approach to the business part of the town, the owner sustains such special injury as to warrant a suit by him to abate the nuisance, and for damages. Equity has jurisdiction without previous recovery at law, since the remedy at law is inadequate.

FROM the chancery court of Madison county.

HON. H. C. CONN, Chancellor.

The facts are stated in the opinion.

*Robert Powell,* for appellant.

Since it is claimed that the nuisance is permanent, the damages are capable of definite ascertainment, and the remedy at law is complete.  2 Black on Judgments, 743, 744.

The bill does not show that complainant suffers any injury different *in kind* from that sustained by the public.  The difference is only in degree.  *Green* v. *Lake,* 54 Miss., 540; 19 N. J. Eq., 278; 6 Am. Rep., 332; 34 Md., 265; 4 N. H., 520; 12 Conn., 128; 13 Barb., 209; 7 Metc., 276; 1 Am. L. Reg., 60; 13 *Ib.,* 60; 8 *Ib.,* 252; 20 Nev., 429; 100 Mo., 508.

*W. H. Powell,* on the same side.

If the nuisance is a public nuisance, only the public can ask for its abatement.  A private person must show that he sustains damages different in kind from that suffered by the

public.   The bill fails to show this.   *Smith* v. *Gill*, 52 Miss.
607; 16 Am. & Eng. Ency. L., 982.

When the complaint is that the plaintiff has been injured
in respect to a right to enjoy in common with others a public
easement or privilege, it is necessary to show (1) that the
public easement or privilege exists; and (2) that he has been
hindered or obstructed in the common right to enjoy it.   To
show both is necessary, because the public wrong must be
redressed at the suit of the state, and not of the individual.
The fact that a public wrong is suffered creates no presump-
tion of individual injury.   Cooley on Torts, 732.

An abutting owner cannot maintain an action for a nui-
sance caused by obstruction of the street without showing
special damage.   *Hogan* v. *Railroad Co.*, 71 Cal., 83.

Besides, to warrant this action, a nuisance must be estab-
lished as existing by law, and the injury must be irreparable.
The fact that plaintiff's lodgers have to take a more circuitous
route and suffer some inconvenience is not an element of
special damages.   9 Am. L. Reg. (N. S.), 454; 11 *Ib.*, 60; 61
Mo., 515; 91 Ind., 64; 92 *Ib.*, 225; 19 Hun., 272.

Here the damage, if any, is permanent.   It affects the value
of plaintiff's property permanently, and, as the defendant is
solvent, a recovery for the entire damage may be had at law.
5 Am. & Eng. Ency. L., 20.

*E. E. Baldwin*, for appellee.

Where a private citizen is specially injured by the obstruc-
tion of a highway, he may maintain a suit in equity for dam-
ages and to enjoin the nuisance.

The test of jurisdiction is this:   (1) Is the damage com-
plained of special and peculiar to the individual property
owner, and different from and over and above that done to
the public; and (2) is the damage continuous.   Elliott on
Roads & Streets, 596–599; Wood on Nuisance, §§ 770–785.

COOPER, J., delivered the opinion of the court.

The appellee is the owner of a lot in the town of Canton,

situated in a square bounded on the east by the Illinois Central Railway, on the south by Peace street, and on the north by Franklin street. Her lot extends through the square from Peace to Franklin street. Her residence fronts on Peace street, and in it she conducted the business of keeping boarders, who were servants of the adjacent railway, and resorted to her house because of its nearness to their place of business. On that part of the lot fronting on Franklin street she has a cottage, the furnished rooms of which she rented to her boarders and others. The defendant owned the lot east of the lot of the plaintiff, in the same square, and also a lot north of Franklin street and north of the lot lying in the same square with the lot of complainant. The defendant, for the prosecution of its business, has erected certain buildings on its property, and also upon that portion of Franklin street by which its lots are separated, closing up the eastern end of Franklin street, which is the point towards the railroad and the business portion of the town. Complainant's lot fronting on Franklin street is thus placed in a *cul de sac*—closed at the end through which those who patronized her furnished rooms were accustomed to approach them.

The purpose of her bill is to compel the defendant to remove the obstructions from Franklin street, and for damages sustained by her by reason of their existence.

The relief prayed is challenged by demurrer on the following grounds: First, that the obstructions complained of are, if a nuisance at all, a public nuisance, and that complainant has sustained no special injury authorizing her to maintain any action; second, that she cannot maintain a bill for injunction until she shall have recovered in an action at law; third, that she has an ample and complete remedy at law for all injury she has sustained. The court below overruled the demurrer, and from that decree the defendant appeals.

Though the obstruction of the street by the defendant may be a public nuisance, and liable to abatement as such,

the complainant has sustained such injury peculiar to herself as to warrant a private suit. *Benjamin* v. *Storr*, L. R., 9 Com. Pl. Cas., 400; *Soltau* v. *De Held*, 9 Eng. L. & Eq., 104; *Corning* v. *Lowerre*, 6 Johns. Ch., 439; *Frink* v. *Lawrence*, 20 Conn., 117; *Conrad* v. *Smith*, 32 Mich., 429; *Pratt* v. *Lewis*, 39 *Ib.*, 7.

The right of the complainant is clear, and its infraction manifest. The injury is of such nature that the remedy by action at law is incomplete, and under such circumstances the jurisdiction of equity is undoubted, without regard to whether there has or has not been a recovery at law. *Learned* v. *Hunt*, 63 Miss., 373.

*The decree is affirmed.*