Rosanna Potts *v.* Canton Cotton Warehouse Co.

1. Deed; Calls of. *Boundaries control. Intent of parties.*

   When the calls of a deed are for natural or artificial boundaries, these control the courses and distances named, because this effectuates the intention of the parties.

2. Same. *Streets named as boundaries. Calls of deed.*

   Where, north of a street which crosses a railroad, there is a parallel street, extending only to the railroad on one side, and the owner of unplatted land on the other side sells a lot, describing it as bounded by the two streets, the parties treating the unopened street as being extended across the railroad, parallel with the other street, there being no doubt as to their intention, the street, when so extended, will be the northern boundary of the lot, although the distance between the streets is only 258 feet, while the deed calls for 300 feet as the length of the lot.

From the chancery court of Madison county.

Hon. H. C. Conn, Chancellor.

The opinion contains a statement of the case.

*E. E. Baldwin,* for appellant.

The proof shows that as far back as 1859 Franklin street extended west of the railroad. This street is shown to have been on a straight line. Until the filing of the bill in this case, no claim was ever made by the defendant for that part of the street lying north of its lot. This was conceded by every one to be part of the street, the only obstruction being at the railroad crossing. The deed made by Fulton in 1863 described defendant's lot as being bounded on the north by Franklin street. Fulton did not know the exact length of the lot, but he knew that it was about 300 feet, and he knew that at the north was this street, which he had laid out more than six years before. No matter what was given as the length of the lot, when the line reached Franklin street it stopped.

In ascertaining boundaries, the rule is that wherever natural or permanent objects are embraced, these control, and both course and direction must yield to them.   21 How. (U. S.), 305; *Morrow* v. *Whitney*, 95 U. S., 551.

It is an unreasonable assumption that Franklin street must, just at this point, bear further north than anywhere else. When defendant built, it made the street the line; but when it needed more ground, it attempted to procure it from the city authorities as a donation of part of the street.   Not until then did the defendant attempt to take possession of the street.

Accepting this deed from the city estops the defendant from denying that the city had title to the street.   A municipality cannot arbitrarily dispose of its streets regardless of the right of the public to use them.   Elliott on Roads & Streets, 661, 662, and cases cited.

The deed from the city conferred no title.

*Robert Powell* and *W. H. Powell*, for appellee.

Each filed a written argument, as to the questions decided, making the following points:

1. A public street can be established in only one of the following ways: (1) By the exercise of eminent domain; (2) by a deed from the owner of the land; (3) by plotting land and a sale of lots with reference to the street; (4) by user.

Complainant has not shown the existence of a street north of the defendant's lot by any of these methods.   Fulton owned all the land between Peace and North streets west of the railroad.   There was no vestige of a street across the land between these streets on that side of the railroad.   He sold the lot defendant now owns, specifically describing it as 300 feet long, north of Peace street.   It is true that it refers to Franklin street on the north, but no street was there. Hence, the location of the street did not limit the lot, but the calls of the deed expressly fixed the location of the street.

The action of Fulton, six years afterwards, in laying off a street only 258 feet north of Peace street, without regard to the limit of the lot he had conveyed, was without authority, and did not affect the length of the lot. The fact that Franklin street was open on the east side of the railroad could not affect the extent of the street, or the land which Fulton had conveyed west of the railroad. The bare mention of the street in a deed could not have the effect of prolonging the street indefinitely in both directions. Defendant is only occupying the land within the 300 feet north of Peace street.

A boundary, in order to prevail over distances, must be fixed and ascertainable. In this case, complainant must show that in 1863 Franklin street was laid out and opened only 258 feet north of Peace street. At that time Fulton had the right to locate Franklin street 300 feet north of Peace street, and he did so. He could not afterwards diminish the lot by locating the street farther south.

The complainant relies on a common law dedication. Such dedication is the act of giving property for some public use in such manner as to conclude the owner, and there must be an acceptance on behalf of the public. 5 Am. & Eng Enc. L., 395, 414. The acts and circumstances, to show dedication, must be unequivocable. Ib., 398, 399, 400. Use of a vacant lot by the public is not evidence of its dedication as a street. The proof must be cogent, and not contradictory. Ib., 402, 408, 409, 415 and notes.

A dedication, like every other conveyance, requires a grantor and grantee; one must accept and the other convey. Sanford v. Meridian, 52 Miss., 383. It was said in that case that grave doubts exist as to whether a court of equity has any jurisdiction over an order of a municipal corporation touching its streets.

2. If there ever was a street north of defendant's lot, it was surrendered by the city in 1890. If the deed of the city was effective, it conveys the land adjoining defendant's lot.

The city has power to close its streets. Code 1892, § 2945. This power is given in the charter of Canton. Laws 1884, p. 519.

3. The complainant wholly failed to establish the allegation of her bill, and the decree should be affirmed.

Argued orally by *E. E. Baldwin*, for appellant.

COOPER, J., delivered the opinion of the court.

This is a proceeding in equity by the appellant to compel the defendant company to remove an obstruction consisting of buildings, etc., erected by it on what is claimed by appellant to be a part of Franklin street, in the town of Canton. The defense is, that the place on which the structures are located is not a part of Franklin street, but is the property of defendant. The case has been before this court on a former appeal from a decree overruling a demurrer, and the decision was in favor of complainant. *Canton Warehouse Co. v. Potts*, 69 Miss., 31. That decision settled the law of the case in favor of complainant, who is entitled to relief, if she has proved the case as made by her bill.

The residence of complainant is immediately west of the lot of the defendant company, both lots fronting on Peace street, and running back towards the north. Some distance to the north of Peace street there is, and, at the time of the execution of the conveyances hereinafter referred to, was a street named North street. In the year 1863, one Fulton owned all the land situated between Peace and North streets, and west of the track of what is now the Illinois Central railroad—then the Mississippi Central railroad. The principal part of the town of Canton is east of the railroad. On that side of the railroad there was, in 1863, a street running from the railroad eastward to the town, called Franklin street, located 258 feet north of Peace street. This street had not at that time been extended across the railroad, and the land of Fulton west of the railroad had not been platted, but lay

in an unimproved, unsurveyed or platted body.   The record does not disclose whether the course of Peace street was due east and west, but it does appear that the course of the railroad ran from Peace street about 11 degrees east of North. On the fourth day of December, A.D. 1863, Fulton conveyed to Mrs. Sarah E. Virden the land now owned by the defendant.   His deed describes the land as follows : " Beginning at the north side of Peace street, at a stake on the west side of the Central railroad where said street crosses said road, and thence running west with said street one hundred and fifty feet to a stake ; thence north three hundred feet to Franklin street ; thence running one hundred and fifty feet east to the Mississippi Central railroad track ; thence south with said railroad track three hundred feet to the beginning."

In 1869 Fulton caused a plat to be made of the land west of the railroad, and south of a line run on a prolongation of Franklin street.   On this plat the lot conveyed by him to Mrs. Virden appears as running back, on a line perpendicular to Peace street, only 258 feet, or to the southern boundary of Franklin street extended across the railroad and through Fulton's land.   In other words, Fulton, in 1869, in platting his land, extended Franklin street across the railroad and through his land.   The evidence is not satisfactory as establishing an acceptance by the city, or use by the public generally, of that part of Franklin street immediately north of the defendant's lot.   It seems that work was done on the street at a point farther west, but the use by the public seems generally to have been of that portion of the street west of defendant's lot, and along a route leading thence north east to where North street crossed the railroad.

In the year 1890, the defendant, desiring to erect a warehouse and cotton compress on its lot, secured a petition, signed by a number of the residents of the town, to the board of mayor and aldermen of Canton, asking the board to abandon Franklin street north of the defendant's lot, and convey it to defendant, on condition that it should erect a cot-

ton compress on its lot.   This petition was granted, and the city authorities conveyed to the defendant so much of Franklin street as was situated north of its lot.   The complainant notified the defendant not to close the street, but her protest was disregarded, and the street was closed; whereupon, she exhibited this bill for relief.   On final hearing her bill was dismissed, and she appeals.

We agree with counsel for defendant, that the mere acceptance of the conveyance from the municipality does not preclude the defendant from denying the fact of the dedication or acceptance of the street; and also that the defendant is not bound by the act of Fulton, in platting the land, after his conveyance to Mrs. Virden of the lot it now owns.   But we are of opinion that the defendant's lot was, by the conveyance from Fulton to Mrs. Virden, limited by Franklin street extended across the railroad to the west.   Whether the street had actually been extended across the railroad at the time of the conveyance, is immaterial if the parties to the deed dealt with the land as though it had been.

When the calls of a deed are for natural or artificial boundaries, such boundaries control the courses and distances named in the deed, and this is because the intention of the parties is thereby effectuated.   3 Washb. on Real Prop., 632.

The width and course of Franklin street were fixed by that street as it existed at the time east of the railroad.   That street, though not at the time actually extended across the railroad, was dealt with by the parties as though it had been; and just where the street, when extended, would be, was free from doubt.   *Id certum est quod certum potest.*   If the street had been merely platted at the time of the conveyance, though not actually surveyed or marked by visible boundaries on the ground, and the conveyance had been by reference to the plat, no question could be entertained that fixing it as a boundary would control the courses and distances of the conveyance.   There can be no doubt that the parties in-

tended that Franklin street, extended towards the west, should mark the northern boundary of the lot conveyed by Fulton to Mrs. Virden, and such was the effect of the deed.

The complainant is entitled to relief.

*The decree is reversed, and cause remanded.*

*W. H. Powell*, for appellee,

Filed a suggestion of error, discussing at length the question of law and fact involved, and making the following points:

1. The court erred in assuming that the allegations in complainant's bill had been proved.

2. It erred in assuming that defendant occupied or obstructed Franklin street. The burden of proof was on complainant, and she failed to meet it. The evidence is conclusive that defendant occupied no portion of the street.

3. The court erred in assuming that Franklin street east of the railroad was only 258 feet north of Peace street. The record is entirely silent as to this. The complainant failed to make out the allegations of her bill which were denied, and she should not secure a reversal in order to have an opportunity to get up more proof in a case which is one of great hardship to the defendant if she should prevail. The court cannot say, from the record, that Franklin street, if extended west across the railroad, would not be 300 feet north of Peace street. It is a fundamental error to assume that Franklin street on the east side of the railroad is only 258 feet north of Peace street; and if this is assumed, it is also an assumption to say that the two streets are parallel.

The alleged street could not control the calls in the deed as to the dimensions of the lot, because the location of the street was not fixed. A boundary, to govern distances, must be fixed and ascertainable. 3 Washb., Real Prop., 435, 449, 450, 451; 95 U. S., 555.

When Fulton sold in 1863, he had the right to lay off Franklin street west of the railroad at any place he saw

proper, and he fixed its location 300 feet north of Peace street by his conveyance of record.

It is submitted that the decision of the court is in conflict with that rendered in *Berry* v. *McComb City*, 69 Miss., 882. Here the land occupied by appellee was never used, worked or considered by any one as a street.

The interest of appellee is so great, and the injury to it will be so ruinous if the decision stands, that we request a careful review of the record, and earnestly ask a reconsideration.

CAMPBELL, C. J., made the following response to the suggestion of error presented by counsel for the appellee:

This case received full consideration before its decision, as all cases do in this court; but, moved by the earnest appeal of the zealous counsel for the appellee, we have again perused the record, and carefully considered the suggestions urged by counsel in support of the decree of the chancellor, with the result that not a doubt or misgiving as to the correctness of our former conclusion is entertained. If all the evidence of the complainant was excluded, and the case stood on that of the defendant alone, this result would follow. That Franklin street existed east of the railroad, and west of the property claimed by the appellee, is indisputable. It was not used as a street across the northern end of appellee's lot, it is true, but Franklin street, running east and west, was well-known and recognized west of where the present subject of controversy is, and all that was wanting for a continuous street running along where that is was a crossing at the railroad, which had not been made. That the street there had been dedicated and existed, and was known and recognized by the public and by the officials of the city, and by those composing the company, is clearly shown, so that there is no escape from the fact that Franklin street was there, and authority was sought and obtained by those concerned to close it and use it. As a result of a

popular petition to the board of mayor and aldermen, and its favorable action on the petition, a conveyance was made by the city, through its marshal, to the appellee of " all that part of Franklin street lying just north of and adjoining the lot now owned by said Warehouse Co., west of the I. C. R. R., in said city of Canton, running east and west the full length of said warehouse lot, and the full width of said street, north and south, including the sidewalks."

In view of all this, it does not occur to us how it could be expected to avoid the conclusion that Franklin street existed, and was obtained and used as such by the appellee.   The only color of claim that this is not Franklin street is the fact that the Virden deeds describe the lot as running three hundred feet to Franklin street; but it is proved, not assumed, that Franklin street is not three hundred feet from Peace. This clearly appears to be a fact, from the maps and testimony of Ford and George, surveyors, and other evidence, which leave no doubt about it.   Not a doubt exists that Franklin street, as dealt with, was a continuous one east and west.   There was a gap or break in it, because of the railroad, but it was known as a street, and recognized as such ; and the lot, although described as three hundred feet long, was bounded on the north by Franklin street, and was not three hundred feet long.   It was well known that the street was there.   The mayor and aldermen were about to open it across the railroad, and abandoned the purpose in deference to the remonstrance of the railroad manager.   Mr. Priestly says there was a place there for a street, but it was never opened.   Mr. Owen, the city marshal, always considered it (the ground occupied by defendant) Franklin street, but it was not used or worked as a street.   The appellee considered it Franklin street, and sought and obtained authority from the city to close it, and it is too late now to escape the consequences of the indisputable fact that Franklin street was obstructed by the building erected.

The statement of counsel that our decision is in conflict

with *Berry* v. *McComb City*, 69 Miss., 882, is founded on, and justified only by, a misconception of that case, which presented the question of the bar of the statute of limitations, and we held that the bar attached from adverse possession, from the fact that there was no evidence of dedication of the street claimed. Here the evidence of dedication, and dealing with reference to it, and recognition of it by many and in many ways, is complete. The cases are widely different. We regret the difficulty of the situation, and would gladly mitigate the hardship to the appellee resulting from its reliance on the grant by the city of the use of Franklin street, if the case was such as to warrant it; but we know nothing but the law in deciding between contending parties, and declare that without regard to consequences.

We adhere to the former decision of this case, as to the correctness of which we are assured by the second examination of the case.

*Suggestion denied.*