WARREN MILLS v. NEW ORLEANS SEED CO.

1. CHANCERY JURISDICTION. *Many acts of continuous wrong.  Case in judgment.*

The N. O. company, engaged in the business of buying and crushing cotton seed, owned a large number of sacks, which it was accustomed to distribute to producers throughout the seed-producing country, to be filled and re-shipped to it.  The W. company, a corporation in the same business, was in the habit of wilfully, knowingly and persistently using and procuring to be used the sacks of the N. O. company in shipment of seed to itself, against the protest of the N. O. company.  And in one instance, when seed were shipped to the W. company in the sacks of the N. O. company, the former returned the sacks to the producers to be again filled with seed and re-shipped to it, placing one of its own sacks on the top and bottom of each bundle of sacks so returned.  The N. O. company, after instituting various actions of replevin without stopping the wrong, filed a bill in chancery, setting out the above stated facts, and asking that the W. company be restrained from so using complainants' sacks, that it be made to account for sacks already so used and damaged, and also be made to pay damages equal to the profits arising from the business in handling such seed as it thus obtained, and which complainant would have received but for defendants' conduct.  The defendant demurred to the bill, denying the jurisdiction of chancery.  The demurrer was overruled.  *Held,* that the Chancery Court has jurisdiction, and the demurrer was properly overruled.

2. SAME.  *Repeated acts of trespass.  Injunction.*

If a trespass be continuous in its nature, and repeated acts of trespass are done, or threatened by the same wrong doer, in respect to the same subject-matter, although each of such acts, taken by itself, may not be destructive or inflict irreparable injury, and the legal remedy for such act, if it stood alone, would be adequate, yet, where the legal remedy is inadequate to relieve the injured party from the expense, vexation and oppression of numerous suits (as in the case above stated), the Chancery Court may restrain the wrong doer by injunction.

APPEAL from the Chancery Court of Warren County.

HON. WARREN COWAN, Chancellor.

This suit was instituted by a bill in equity exhibited by the "New Orleans Seed Company," a corporation located in New Orleans, La., against the "Warren Mills," a corporation located in Vicksburg, in this State.

The bill alleges that complainant is engaged in the business of buying, collecting and crushing cotton seed; that in the pursuit of such business it is necessary that sacks be used for holding the seed in shipments; that complainant owns several hundred thousand such sacks, all of which are legibly branded and known to defendant; that such sacks are, in the due course of business, distributed along railroads, river banks, etc., for the producer, who puts seed therein and ships ·back the sacks so filled to complainant; that such sacks are to be used only in shipping to complainant.

The bill further alleges that defendant is engaged in the same line of business; that in the course of its business " it has repeatedly, knowingly, wilfully, continuously used the sacks " of complainant without its authority and against its remonstrances;· that in one case defendant received a large consignment of cotton seed shipped in complainants' sacks, which sacks were returned by defendant to the producers for reshipment of seed, defendant ·taking the precaution in reshipping such sacks to place one of its own brand on the upper and lower side of each bundle of the sacks; that complainant has repeatedly brought actions of replevin, but defendant gives the necessary bonds and proceeds with its " nefarious " business; that this remedy is wholly inadequate because of the extent of territory over which the business is conducted; that defendant has during the past twelve months · used many thousands of complainants' sacks, and it would require innumerable actions at law to obtain redress; that many of complainants' sacks have been damaged, lost or destroyed by defendant, and that complainant has failed to obtain as many seed for crushing as it would had defendant not so used its sacks, by which complainant has lost the profits that would have resulted from crushing such seed; that such profits were made by defendant.

The bill asks a perpetual injunction restraining defendant from any further use of complainants' sacks, and asks that defendant " be made to account for and deliver up all of complainants' sacks now in its possession, and to pay for all damages sustained by reason of injury to and deterioration in the value of said sacks while in possession of defendant, and to

pay all profits derived from the use of said sacks, and from the seed in said sacks, to which the complainant is entitled." The defendant demurred to the bill, the demurrer was overruled, and the defendant appealed.

*Lee & McKee*, for the appellant.

It is submitted that complainants have an adequate remedy at law by trover, trespass or other appropriate action. The injuries complained of would appear to be susceptible of compensation in damages at law.

*Miller, Smith & Hirsh*, for the appellee.

The jurisdiction of the Court of Equity can be sustained upon the following grounds:

1st. The remedy at law is wholly inadequate.

2d. The principle announced in *The City of Natchez* v. *Vandervelde et al.*, 2 G., p. 706, applies with equal force to this case: " Equity will take jurisdiction whenever the complainant's remedy at common law has become doubtful and embarrassed by the fraudulent conduct of the defendant."

3d. In order to prevent multiplicity of suits. See Pomeroy on Eq. Jur., vol. i, p. 256 ; High on Injunctions, sec. 12 ; *Bishop* v. *Rosenbaum*, 58 Miss., p. 91.

4th. The trespasses complained of are repeated or continuous. Pomeroy's Equity Jurisprudence, p. 388, sec. 1357.

ARNOLD, J., delivered the opinion of the Court.

The demurrer was properly overruled. The allegations in the bill, of repeated, wilful and continuous wrongs committed and threatened by appellants, warranted the issuance of the injunction. The jurisdiction of equity in such case cannot be doubted.

It is said that the prevention of vexatious litigation and of a multiplicity of suits constitutes a favorite ground for the exercise of the jurisdiction of equity ; and it may be laid down as general rule that, wherever the rights of a party aggrieved cannot be protected or enforced in the ordinary course of proceedings at law, except by numerous and expensive suits, equity may properly interpose and afford relief by injunction. 1 High on Injunctions, Sec. 12 ; 1 Pomeroy Eq. Jur., Sec. 245.

Where trespass to property is a single act, and is temporary in its nature and effects, so that the legal remedy of an action at law for damages is adequate, equity will not interfere. But if the trespass is continuous in its nature, and repeated acts of respass are done or threatened, although each of such acts taken by itself may not be destructive or inflict irreparable injury, and the legal remedy may therefore be adequate for each single act, if it stood alone, the entire wrong may be prevented or stopped by injunction. 1 Pomeroy Eq. Jur., Sec. 245; 3 Id., Sec. 1357.

The separate remedy at law for each of such traspasses would not be adequate to relieve the injured party from the expense, vexation and oppression of numerous suits against the same wrong-doer in regard to the same subject-matter. The ends of justice require, in such case, that the whole wrong shall be arrested and concluded by a single proceeding. And such relief equity affords, and thereby fulfills its appropriate mission of supplying the deficiencies of legal remedies. Affirmed and remanded, with leave to appellants to answer within thirty days after the mandate of this court herein is filed in the court below.

