YAZOO & M. V. R. Co. *v.* McCONNELL *et al.*

[90 South. 321. No. 22190.]

1. EQUITY. *When equity court may take jurisdiction on bill by number of complainants against one defendant stated.*

In order for a court of equity to take jurisdiction of a bill in which a number of complainants join against one defendant, there must be some recognized ground of equitable interference, or some community of interest in the subject-matter, or a common right or title involved, to warrant the joinder of all in one suit, or there must be some common purpose in pursuit of a common adversary, where each may resort to equity.

2. Nuisance. *Abatement of nuisance ground of equity jurisdiction.*
   Where the injury is continuing in its nature, as the maintenance of a nuisance injurious to all the complainants, the abatement of this nuisance is a ground of equity jurisdiction.

3. Equity. *Bill for abatement of nuisance for damages held not multifarious.*
   In such case, a bill asking for the abatement of the nuisance, and severally for damages sustained by each complainant because of its maintenance, is not multifarious.

Appeal from chancery court of Yazoo county.

Hon. V. J. Stricker, Chancellor.

Action by Peter McConnell and others against the Yazoo & Mississippi Valley Railroad Company. Judgment for plaintiffs, and both parties appeal. Affirmed on direct appeal, reversed on cross-appeal, and remanded.

*Barbour & Henry,* for appellant.

The bill shows that the several complainants each own, in fee-simple, a separate tract of land, and that each sues for damage, not because of any interference with the drainage by one embankment, or the closing of one stream. Each has specially shown, by the "Exhibit A" made a part of the bill, and by agreement sent to the court, that his separate land is caused to overflow by a separate and distinct cause, to-wit, a levee placed by the defendant upon the land of each complainant, thereby diverting the water which would ordinarily flow down the right of way. Thus, we have a bill where each complainant is suing for a separate and distinct damage, due to a separate and distinct cause. In other words, there is no common state of facts, governed by the same principle of law. One might recover, and the others fail to recover, because it might be shown that a dump interfered with the drainage of one, but did not interefere with the drainage of the other.

We regard the question as settled by the case of *Y. & M. V. R. R. Co.* v. *James,* 71 So. Rep. 834, affirmed without opinion May 29th, 1916 (No. 1797). We ask the

courts careful examination of the record in this case, together with the briefs of counsel on each side. In the James Case, the case of *R. R. Co.* v. *Garrison*, 81 Miss., (which will necessarily be relied upon by the complainants) ; and *Guice* v. *R. R. Co.*, 71 So. Rep., 259, were relied upon. It was claimed in the argument that the injury to James and the other complainants was a continuing and recurring one (just as is claimed here), and that all defendants had a common interest in the removal of the railroad embankment. Opposing counsel contended that the Garrison case was decided wrong, as based on the continuing wrong theory. The decision in this case (James) in effect, in our judgment, overrules the Garrison case. In *R. R. Co.* v. *Barnes*, 94 Miss., the court said that the Garrison case overruled the *Tribette case*, 70 Miss. Since then, the Tribette case has been affirmed, in *Tel. Co.* v. *Williams*, 101 Miss. 1; and in *Howell* v. *R. R. Co.*, 106 Miss. 185. See *town of Louisville* v. *Armstrong*, 113 Miss. 387.

In the case of *G. & S. I. R. R. Co.* v. *Walker*, 60 So. Rep. 1014, an injunction was denied. In that case, several members of the same family brought suit against the defendant, on account of the burial of a dead horse on the company's right-of-way, causing a pollution of the water etc., resulting in the necessary abandonment by the plaintiffs of their home. It was claimed that there was a continuing wrong, rendering the home uninhabitable etc., and an injunction was granted. This court, however, held that no injunction could be maintained on the theory of preventing a multiplicity of suits, as there could be no joinder of parties to recover damages resulting from a nuisance.

Of course, if the Tribette case is followed, a reversal results, and, as just stated, this case has twice been reaffirmed in 105 Miss. and 106 Miss., *supra*.

The case of *Newton Cotton Oil Company* v. *Sessum*, 102 Miss. 188, is conclusive to the effect that, unless the Railroad company in this case could enjoin the bringing of separate suits by the complainants, then this bill is de-

murrable. In other words, unless the railroad company could enjoin all of these suits, then these complainants cannot join in the same bill. It is perfectly apparent that the complainants have an ample and adequate remedy at law, in an action for damages, and this court will not undertake to dig ditches or drain complainant's land, as seems to be desired by an indefinite sort of prayer. This is too well settled, in the case of *Y. & M. V. R. R. Co.* v. *Payne,* 93 Miss. 55, and *Bomer Brothers* v. *Ganaday,* 79 Miss. 222.

It is passing strange that the complainants should not desire to go to a jury, in a separate and independent case, to recover their damages, if any have been sustained, but should dump into a chancery court a series of damage suits for which the machinery of this court was never intended.

*Campbell & Campbell,* for appellee.

The original bill in this suit alleges that the erection of the dams or dumps caused the water to dam and stand on the land of complainants, and does not allege that it is the dams or dumps on each complainant's land, but the dams and dumps on all, and is treated as a whole in the allegation. Read from the first paragraph to last paragraph on page 5, of original bill in record, and the court will find that we treated it as a whole and made no allegation as to each complainant. The bill also has this allegation in it: "Complainants would further show that said condition can be relieved by the railroad removing these levees or dumps, and closing the culverts (first paragraph on page 9, of original bill in the record), as shown on map filed herewith as exhibit (A); we have here a common purpose (to remove these levees), in pursuit of a common adversary (railroad), which is said to be a ground for equity jurisdiction in the *Tribette* v. *Railroad Co.,* 70 Miss. page 188.

Opposing counsel argue that each have a separate and distinct cause of action, which we can show is not true, by supposing that Vaughan would bring a suit, and ask for damages and the removal of the dumps on his place on the railroad's right of way, but does not ask for the removal of all these levees and dams north of him, which are collecting waters and causing collected waters to flow down onto his land, and the court would grant the request, remove the levees, and allow the damages to Vaughan, but this would not abate Vaughan's damages as all of the other obstructions would still be there and would cause the water to back onto Vaughan's land; now, we will further suppose that none of these other parties brought any action against the railroad asking for the removal of these levees, within ten years, then the railroad would gain the right by prescription to overflow their land, and overflow the lands of Vaughan, if Vaughan made no objections to all of these others obstructions.

Keeping in mind the fact as shown by the exhibit, and allegation of the bill, that each of these parties are interested in the removal of all of these obstructions, and that the statement of opposing counsel is erroneous, we will now discuss the law of this case.

Counsel say in their brief that the case of the *Y. & M. V. R. R. Co.* v. *James,* 71 So. Rep. 834, settles the present case, as stated by counsel, no opinion was rendered by the court in this case, but we have carefully read the record and brief of counsel on both sides, and we will quote from the brief of attorneys for appellee. "The case of *Tribette* v. *Railroad,* 70 Miss. 182, distinctly holds, where each of several parties may proceed in equity separately, they are permitted to unite and make a common adversary." In the present case each of these parties could proceed in equity to remove the nuisance and equity having taken jurisdiction for the purpose, would grant the relief prayed for past damages. The *James case* was where to parties had sued in a court of law separately to recover damages and the railroad company had applied for an injunction

enjoining these suits at law on the ground of multiplicity of suits. James and Marshall were not seeking to remove the obstructions or embankments of the railroad which caused the damage, but were suing in a court of law for damages alone, and the railroad company could not in their behalf proceed in equity to abate or remedy the nuisance and this was the real ground upon which the injunction was dissolved and upon which the supreme court affirmed it. We call the court's attention to pages 10, 11 and 12 of the brief of Gary and Rice, attorneys, for appellee. Gary and Rice, really admit in their brief that if James and Marshall had brought suit in a court of equity to abate the nuisance and had claimed past damages that the chancery court would have had jurisdiction but contend that James and Marshall, having elected to sue in a court of law for damages alone, that the chancery court had no jurisdiction to enjoin these suits. The law is so well established that when equity has once acquired jurisdiction for any purpose it will grant full relief, that we do not deem it necessary to quote authorities.

In the instant case the bill unquestionably shows that the damages are recurring, and in such a case equity has undoubted jurisdiction to remove or remedy the nuisance and grant relief for past damages. We ask this court to read *Warren Mills* v. *New Orleans Seed Co.,* 65 Miss. page 393 and 394.

We rely on *J. W. Rosemond* v. *Carroll County, et al.,* 101 Miss. 701. This last quoted case is where the county and others threw an embankment upon their lands, and caused the plaintiff's land to overflow and plaintiff filed a suit in chancery court to collect damages, and SMITH, J., delivered the opinion of the court and said: "The nuisance complained of is a contingent one. Error should be a continuing one, for which successive recoveries may be had."

We consider *Tel. Co.* v. *Williams,* 101 Miss. on page 1 or, which opposing counsel say, has reaffirmed the *Tribette* case. On page 11 in this opinion is the following by Chief Justice, McCLELLAN: "It would seem to be an elementary

and fundamental proposition that a party who seeks to come into equity must himself have an equity. His equity may be derivative. It may rest in him, because of privity between him and others, by force of contract or in estate; but however it comes it must exist in him or. he cannot maintain a bill."

The case of *Newell* v. *Railroad,* 106 Miss. page 182 is not in point, which we will endeavor to show this court. This was a case in which a large number of passengers on an excursion train sued the railroad at law and the railroad sought to enjoin these suits at law, and the court held that this could not be done, basing its opinion on *Telephone Co.* v. *Williamson et al.,* 101 Miss. and on the *Tribette case,* 70 Miss. 182. The facts in this case come squarely under the condemnation of the Tribette case, and *Telegraph Co.* v. *Williamson,* 101 Miss. This was an effort to try an action of damages solely and simply in the chancery court. This is a different case from the instant case. In the instant case each one of the complainants could sue separately in chancery court for an abatement or remedy of the nuisance and recover damages for past injuries, thus bringing themselves clearly within the *Tribette case,* and the quotation rendered by Judge McLEAN in the opinion in the *Williamson case,* 101, *supra.*

The case of the *Oil Company* v. *Sessum,* 102 Miss. 191, has no applicability to the instant case. In that case the parties had a right to sue at law to recover damages. In this case there was no question of a continuing injury from the wrongful act of the defendant and each party who brought suit stood upon his individual right. In the instant case each of these parties have a common interest in removing the nuisance situated on land other than their own, and there was a recurring injury.

The case of *Gulf & Ship I. R. R. Co.* v. *Walker,* cited by counsel, 60 So. Rep. p. 1014, and also reported in 103 Miss. p. 836 does not apply to the instant case. In that case there were three suits filed in a court of law by members of the Walker family to recover damages for the improper

burial of a dead horse by Railroad Co. on its right-of-way; and the railroad company attempted to enjoin these suits and the court held under the *Tribette case,* 70 Miss. and *Tel. Co.* v. *Williamson,* 57 So. that the injunction should not have been granted. That too, is a very different case from the instant one, because nature-itself would remove the nuisance quicker than it could be done by an appeal to the court. Of course the chancery court had no jurisdiction for the common-law right for damages, and that was settled by the Tribette and Williamson cases. The quotation from Bliss on Code Pleadings, in the Tribette case and in the *Railroad Case* v. *Walker,* simply holds that two or more complainants cannot unite in a suit for damages solely, caused by the nuisance, but they could unite for an abatement of the nuisance caused by the obstruction to the natural flow of the water not only by the obstructions upon the lands of each complainant, but by the obstructions put upon the land of all the complainants, and we ask for the abatement of the nuisance to prevent future damages and for recovery for past damages. The court will take jurisdiction to remedy the nuisance and, having taken jurisdiction for this purpose, will grant full relief. Each of these complainants could have filed a separate bill in equity and that being the case under the Tribette case all could join in a bill against a common adversary.

Counsel has not argued specifically that the bill is multifarious. We suppose that the ground for demurrer, that it is multifarious, rests upon the assertion of counsel that complainants were asking only for the removal of the obstructions upon their own land, which was not true as shown by the allegation of the bill and exhibit, and therefore the bill is not multifarious. We refer this court to the following cases on multifariousness. *Roberts* v. *Burwell,* 117 Miss. page 469. And we further refer this court again to our favorite case *Tribette* v. *Railroad Co.,* on page 187. Counsel cite the case of *Bomer Bros.* v. *Canady,* 79 Miss. 222 and the *Yazoo & Mississippi Valley Railroad* v. *Payne,* 93 Miss. 55, to show that the chancery court would

not take jurisdiction in the instant case.   These two cases
have no bearing whatever upon the instant case.   These
two cases are for specific performance, and the instant case
is for a removal of a recurring nuisance, and incidentally
for damages.   In the *Payne Case,* 93 Miss. at page 61,
Judge WHITFIED, in rendering the opinion of the court, dis-
cusses the case of *Alabama Railroad Co.* v. *Prouty,* 43 So.
352, and says that the Payne case is wholly unlike that case.
Judge WHITFIELD says that the Alabama case was to re-
move a permanent, continuous and constantly recurring
nuisance and incidentally to recover damages.   That is ex-
actly the purpose of the bill in the instant case.

In its last analysis the brief of opposing counsel rests
solely on the Tribette case on which we rely, as we have
clearly brought ourselves within the rulings of this case.
In conclusion we call the court's attention to, and ask
them to read the very able opinion of Chancellor STRICKER
at page 16 of the record, which is now made a part of
the record by permission of the commissioner of the cir-
cuit judges and chancellors of the state of Mississippi
chancery division rule 14.

SYKES, J., delivered the opinion of the court.

The appellees by their original bill separately seek to
recover damages from the appellant (defendant in the
court below).   They also seek to abate as a nuisance some
levees erected by appellant and to have it close certain
culverts maintained by it.   As an exhibit to the bill is a
map showing the location of the lands of the complainants,
the railroad track, the levees and culverts erected and
maintained by the defendant.   The material allegations
of the bill are: That the complainants are landowners ad-
jacent to, and some of them owning land on both sides of,
the railroad right of way.   The land of each complainant
is described in the bill.   The railroad at this point runs in
a southwesterly direction either through or adjacent to

these lands. That at the time of the erection of the railroad the natural drainage of the lands was in a southwesterly direction. That when the railroad was built this surface water on either side of the track was collected and carried off in barrow pits dug by the defendant; these pits extending in the same direction as the natural drainage of the land, namely, in a southwesterly direction. That during the year 1916 the defendant negligently erected levees or dumps across these barrow pits, and thereby stopped the flow of the surface water and caused it to pond upon the lands of the complainants for an unreasonable length of time, thereby rendering them unfit for cultivation, worthless, and causing irreparable damage. These damages are specifically set out in the bill.

It is also alleged that before the erection of these levees the lands were fertile and productive; that this condition can only be relieved by the defendant removing these levees and closing the culverts shown on Exhibit A, which is the map above referred to. The bill prays that each complainant be given a decree for the amount of his damages and that the defendant railroad company be required to remove the levees and culverts, or to dig proper ditches affording adequate drainage as it existed before the erection and maintenance of the levees and culverts.

The defendant filed a general and also a special demurrer to the bill, each of which alleges that the bill is multifarious, and that it shows a separate and distinct controversy between each of the complainants and the defendant, depending upon a different state of facts; that each complainant is complaining about a separate levee erected upon the property line of that complainant, which is wholly separate and distinct from the claim of any other complainant. The special demurrer is addressed to that part of the bill which prays for removal of the levees and asks for the digging of ditches.

The court held that the bill was multifarious, sustained the demurrer, allowed each complainant to file a separate

bill, and granted an appeal to settle the principles of the cause. Both sides appeal.

It is the contention of the defendant railroad company that the allegations of the bill show that each complainant, the owner of a separate tract of land, is attempting to recover damages because of a levee erected by the defendant upon the land of this complainant, or that each complainant is suing for a separate and distinct damage due to a separate and distinct cause.

It is the contention of the appellees (complainants) that by their bill they are asking for equitable relief, namely, for the abatement of a continuous nuisance, which nuisance consists of the maintenance of a system of levees and culverts which obstructs and interferes with the natural surface drainage of their lands; that all of these complainants, both jointly and separately, allege that each and every one of these levees interferes with this drainage, and that each and every one of them will have to be removed before the nuisance is abated.

After a most careful consideration of the bill and the map made an exhibit thereto, we are satisfied that the contention of the appellees is correct. The map shows that on both sides of the railroad the appellant has built a number of separate levees perpendicular to the railroad. How far apart these levees are the bill does not allege. Several of these levees are on the separate lands of several of the complainants, and some of the levees are on the dividing line between lands of complainants. The gravamen of the bill, however, is that the erection and maintenance of each and very one of these levees interferes with the natural drainage of the lands of each and every one of the complainants. The equitable relief sought by the bill is the abatement of this nuisance. It is not a suit solely for damages for the injury, but one asking for equitable relief, viz. the abatement of a nuisance common to each complainant. The maintaining of this bill comes squarely within the rule announced in *Tribette* v. *Railroad Co.*, 70 Miss. 182, 12 So. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642, the leading case

in this country upon the subject. This rule there laid down on page 188 of 70 Miss., on page 32 of 12 So. (19 L. R. A. 660, 35 Am. St. Rep. 642), is as follows: "There must be some recognized ground of equitable interference, or some community of interest in the subject-matter of controversy, or a common right or title involved, to warrant the joinder of all in one suit; or there must be some common purpose in pursuit of a common adversary, where each may resort to equity, in order to be joined in one suit; and it is not enough that there 'is a community of interest merely in the question of law or of fact involved.' "

For a while the court departed from this salutary rule, but returned to it in the very able opinion in the case of *Telephone Co.* v. *Williamson,* 101 Miss. 1, 57 So. 559. In this case the court discusses the ruling of this court and others and returns to the doctrine enunciated in the Tribette Case. We can add nothing to the learned opinions in these two cases. In the Williamson Case the court quotes with approval the following from *Warren Mills* v. *New Orleans Seed Co.,* 65 Miss. 391, 4 So. 298, 7 Am. St. Rep. 671: "Where trespass to property is the single act, and is temporary in its nature and effects, so that the legal remedy of an action of law for damages is adequate, equity will not interfere. But if the trespass is continuous in its nature, and repeated acts of trespass are done or threatened, although each of such acts taken by itself may not be destructive or inflict irreparable injury, and the legal remedy therefor be adequate for each single act, if it stood alone, the entire wrong may be prevented or stopped by injunction."

To the same effect is *Roberts* v. *Burwell,* 117 Miss. 469, 78 So. 357.

Since the chancery court has jurisdiction in this case, it will, of course, be proper to grant full and complete relief to each complainant.

The lower court erred in holding that the bill is multifarious and ordering each complainant to file a separate

bill. Both demurrers should have been overruled. The cause is affirmed on direct appeal and reversed on cross-appeal and remanded.

*Affirmed on direct appeal, reversed on cross-appeal, and remanded.*