HAM *et al. v.* KINGS DAUGHTERS CIRCLE NO. 4 OF GREEN-VILLE, MISS.

(Division A.    May 21, 1934.)

[155 So. 164.    No. 31235.]

Ernest Kellner, Jr., of Greenville, for appellants.

Percy & Farish, of Greenville, for appellee.

Argued orally by **Ernest Kellner, Jr.,** for appellant, and by **H. P. Farish,** for appellee.

**McGowen, J.,** delivered the opinion of the court.

Appellee, Kings Daughters Circle No. 4 of Greenville, Mississippi, a corporation, exhibited its bill against E. G. Ham and F. G. Millette, in the chancery court of Washington county, praying for an injunction against appellants from interfering with its rights in the operation and management of a colored hospital in the city of Greenville, and for an accounting by appellants of the business conducted in said hospital during the time they had operated the same. A demurrer was interposed to the bill, and a motion to dissolve the temporary injunction theretofore granted on bill and demurrer was likewise overruled, and an appeal is prosecuted here from that decree.

Appellee was the owner of a lot in the city of Greenville on which was situated a hospital, operated by it for the sick and afflicted negro population of Washington county, including the city of Greenville. It was alleged, after the flood of 1927, that, at the request of the white citizens of Greenville, appellee agreed that a committee should operate the hospital with a representative of appellee thereon. In June, 1933, appellee, having become dissatisfied with the management of the hospital, notified Davis, its representative, that it would dispense with his services as their representative, and thereafter Washington county filed a suit against appellee, claiming title to the property. The suit was tried, and a decree was

rendered dismissing the bill of the county. Thereafter F. G. Millette was appointed by the board of supervisors of Washington county, and he, with E. G. Ham, mayor of the city of Greenville, operated the hospital, as managers, over the protest and without the consent of the Kings Daughters. Demand was made upon Ham and Millette by the appellee to discontinue the operation of the hospital, which demand was refused by both of them; Millette stating to the attorney for the appellee that they had a right under the law to operate the hospital, and would do so unless enjoined by a court.

The bill charged that neither the board of supervisors nor the appellants had any right to control and manage the hospital; that they were usurpers and trespassers and had no authority either in law or equity; and that the act of the defendant in refusing to deliver its property and control on demand constituted a continuing trespass and interference with the rights of the complainant, the appellee, in the management of the said hospital. The injunction prayed was granted, and Ham and Millette were enjoined from interfering with the operation of the hospital.

A demurrer was filed to the bill of complaint on three grounds: First, the nonjoinder of the city of Greenville and Washington county; second, that appellee had a plain, adequate, and complete remedy at law; and, third, that there was no equity on the face of the bill.

1. Nonjoinder of the city of Greenville and Washington county. It will be noted that the bill does not disclose any interest in either the city of Greenville or the county of Washington, but, on the contrary, it affirmatively appears that the appellee had recently litigated the question of title to the property involved with the county of Washington, and that it had been successful in establishing its right as against the county. It does not appear from the allegations of this bill that the city of Greenville or the county of Washington has any substantial interest in the subject-matter of the litigation.

It does appear that a perfectly practical and effective decree may be rendered against the alleged usurpers and continuing trespassers.

The general rule is that the nonjoinder of parties is properly reached by a plea; but in the case of Smith v. Denny & Co., 90 Miss. 434, 43 So. 479, 480, this court permitted the interposition of a demurrer, and sustained the lower court in its holding that the necessary parties were not before the court, saying: "The bill of complaint showing on its face that no valid decree could be made, because of the failure of complainant to make defendant to his bill parties that were necessary, it was the duty of the chancellor to order complainant to amend his bill by joining these parties as defendant, and, on failure to do so, dismiss the bill of complaint; and this he did." In that case the very party whose land was sought to be taken from him was no joined in the bill as a defendant. This was a proceeding under the statute to confirm a tax title which required all parties in interest to be before the court.

In the case of Burroughs v. Jones, 78 Miss. 235, 28 So. 944, this court held that: "A purchaser who enters upon and improves land under a contract to convey, in writing, whereby the vendor is authorized to declare the same annulled on his failure to comply with certain stipulations expressed therein, is a necessary party to a bill to enjoin a sale under his deed of trust on the land during the pendency of his proceeding against the vendor for specific performance, the injunction suit involving an adjudication of his rights under the contract." The case of Lemmon v. Dunn, 61 Miss. 210, was one in which a grantor in two deeds of trust, claimed to cover the same land, is a necessary party to a bill by the beneficiary in the junior deed to enjoin enforcement of the senior one, upon the ground of misdescriptions.

Under these authorities appellants' contention that the county of Washington and the city of Greenville were necessary parties is unfounded under the rule announced

by this court. On the facts alleged in this bill, the county and the city were not necessary parties; it is a matter of doubt as to whether they are even proper parties.

2. It is alleged that the facts which we have detailed do not constitute a continuing trespass. Where the management of a hospital is involved, and the control of the nurses and employees thereof whose duty it is to minister to the sick—the chief business of a hospital—and where the alleged trespassers and usurpers have maintained such control and have refused to surrender it until they are enjoined by a court, we think such facts sufficiently charge a continuing trespass within the rule announced and followed by this court.

In the case of Warren Mills v. New Orleans Seed Co., 65 Miss. 391, 4 So. 298, 7 Am. St. Rep. 671, Judge ARNOLD thus announced the rule: "Where trespass to property is a single act, and is temporary in its nature and effects, so that the legal remedy of an action at law for damages is adequate, equity will not interfere; but if the trespass is continuous in its nature, and repeated acts of trespass are done or threatened, although each of such acts, taken by itself, may not be destructive, or inflict irreparable injury, and the legal remedy may therefore be adequate for each single act if it stood alone, the entire wrong may be prevented or stopped by injunction. 1 Pom. Eq. Jur., sec. 245; 3 Pom. Eq. Jur., sec. 1357." This rule was approved in Moss v. Jourdan, 129 Miss. 598, 92 So. 689.

We are, therefore, of opinion that the allegations of the bill are sufficient to withstand the demurrer, and the court correctly so held.

Affirmed and remanded.