LETTS *et al. v.* HANCOCK BANK OF GULFPORT.

(In Banc. Oct. 25, 1943. Suggestion of Error Sustained in Part Dec. 6, 1943.)

[15 So. (2d) 422. No. 35437.]

520

(In Banc.   Dec. 6, 1943.)

[15 So. (2d) 774.   No. 35437.]

**J. F. Galloway**, of Gulfport, for appellants.

522

**Geo. R. Smith,** of Gulfport, for appellee.

Geo. R. Smith, of Gulfport, for appellee, on suggestion of error.

Roberds, J., delivered the opinion of the court.

This appeal involves the questions (1) whether the three year statute of limitations applies, and (2) whether the bill is multifarious.

On August 2, 1934, Mrs. B. T. Ladnier, a widow, executed to Geo. D. Hunt an oil, gas and mineral lease on 320 acres of land in Harrison County, Mississippi.

It is the usual lease of this character and contains this recital: ". . . this lease shall terminate as to both parties, unless on or before such anniversary date Lessee shall pay or tender to Lessor or to Lessor's credit in Hancock County Bank at Gulfport, Mississippi, (which bank and its successors are Lessor's agent, and shall continue as depository for rentals payable hereunder, regardless of the changes of ownership of said land or the rentals) . . . " the sum of eighty dollars as rentals. It further provides that such payments may be made by lessee's check or draft mailed, or delivered to, lessor, or to said bank. It also states that the contract may be assigned, in whole or in part, by either party, their heirs, successors

and assigns, and that no change in the ownership of the land, rentals or royalties, however accomplished, shall enlarge or diminish the rights of lessee, and no change in ownership is binding upon lessee for any purpose until the lessee is furnished a certified copy of the recorded instrument, or other legally authenticated written evidence of such change of ownership. The lease was duly recorded.

On October 20, 1934, Hunt assigned this lease to the Texas Company.

Mrs. Ladnier, the lessor, died November 19, 1934, intestate. Willard R. Ladnier, one of appellants, was appointed administrator of her estate.

On February 8, 1935, the heirs of Mrs. B. T. Ladnier conveyed by warranty deed to Percy Letts, one of appellants, 160 acres of the land.

On August 11, 1937, said heirs, by warranty deed, conveyed the remainder of the land to appellant, E. U. Ladnier, who was also one of the heirs of Mrs. B. T. Ladnier, deceased. Both deeds were recorded. Neither of said deeds mentioned the foregoing lease; but no contention is made that they did not convey to the grantees therein all interest and right of the lessor in the lease.

On each anniversary of the lease, beginning August 2, 1935, to and including August 2, 1939, the Texas Company, by check payable to the Hancock County Bank, remitted to that bank the annual rentals, aggregating $400. This law suit is over those rentals. The remittances were accompanied by a writing which stipulated they were "for a deposit to the credit of . . . " Mrs. B. T. Ladnier, made under the above mentioned lease for annual extensions thereof for the year named in the writing. This written remittance instructed the Hancock Bank to "show credit on your books accordingly."

The Texas Company also mailed to the lessor, in due time, to the address given by her in the lease, notice that it was making these remittances to the Hancock Bank according to the provisions of the lease.

These notices were received by a Mrs. Elvenia Ladnier, a daughter-in-law of Mrs. B. T. Ladnier, who, each year, personally presented the notices to the Hancock Bank; represented herself to be Mrs. B. T. Ladnier, demanded, and was paid, the money, whereupon she forged the name of Mrs. B. T. Ladnier to receipts therefor.

The rentals due August 2, 1940, were paid to Letts and E. U. Ladnier, grantees in the two foregoing deeds, and no question is here raised about that. Neither the administrator nor the grantees in the deeds had actual knowledge of the existence of said lease until the latter part of 1939, when they made demand on the Texas Company for the rentals which Mrs. Elvenia Ladnier had received.

Until that time neither the Texas Company nor the bank had any actual notice of the death of Mrs. B. T. Ladnier, although it is contended the circumstances were such as to charge the bank with constructive notice of the death of Mrs. Ladnier, which becomes unimportant in view of the conclusion we have reached.

Willard Ladnier, as administrator of the estate of Mrs. B. T. Ladnier, and Letts and E. U. Ladnier, grantees in the two deeds, brought this suit against the Hancock Bank and the Texas Company to recover the four hundred dollars, with interest, which the bank had paid to Mrs. Elvenia Ladnier.

The chancellor held that there was no liability on the part of the Texas Company; that the bank was liable but that Section 2299, Mississippi Code 1930, requiring actions on open accounts and unwritten contracts to be brought within three years after the cause of action accrues, was applicable, and, the bill having been filed in November, 1940, that the statute precluded any recovery against the bank for payments made prior to August 2, 1938; that, therefore, the administrator was not entitled to recover anything and that Letts and E. U. Ladnier were entitled to recover each one half of the payments of 1938 and 1939, with legal interest on each from August 2nd of

the year in which the payments were made. A decree was entered accordingly, from which the administrator and Letts and E. U. Ladnier prosecute a direct, and the bank a cross, appeal.

No serious contention is made here that the chancellor was in error on the fundamental proposition of liability of the bank for paying out the money on these forgeries, and the cross-bill of the bank presents no reason for changing or modifying that liability in this case.

On the question of limitation of action, while it is contended by appellants that the bank was a trustee and that its liability rested upon written instruments, it is certain that this lease and the written instructions with the remittances contemplated a deposit, either special or general, to the credit of Mrs. B. T. Ladnier in the bank. It is so expressly stated in both. In addition to the provisions of these documents above set out, the remittance instructions told the bank to date its receipts for the rentals the day it received them ''and not the date of actual entry,'' and that ''Endorsement of the check by the.parties to whose account it is to be deposited is neither necessary nor desired.'' The bank accepted the money under the terms of the lease and receipted for it under the terms of the remittance instructions. It thereby became a party to both and the provisions of both were binding upon it in so far as they affected its duties and liability. Treating them as general deposits is the most favorable position for the bank which can be assumed under this arrangement. Even as to general deposits, there is a difference of authority as to whether the three or the six year statute applies to actions for their recovery. But assuming these were general deposits and that the three year statute applies, the bank is not thereby relieved of the duty to pay this money, for the reason that the statute does not begin to run until the depositor has made demand on the bank for the money by check, order, draft or other writing. 7 Am. Jur., pp. 348 and 349, secs. 488 and 489; Anno. 19 Am. Dec. 420; Masonic Ben.

Ass'n v. First State Bank, 99 Miss. 610, 55 So. 408. No such demand was made here either by Mrs. B. T. Ladnier, her administrator, or the grantees in the deeds.

The bill is not multifarious. The rights of the parties flow from a common source.

It follows that appellant Letts is entitled to one-half of the rentals paid during the years 1935 to 1939, with legal interest thereon from August 2nd in each respective year; that appellant Willard Ladnier, administrator of the estate of Mrs. B. T. Ladnier, deceased, is entitled to recover one-half of such rentals for the years 1935 and 1936 and 1937, with like interest, and that appellant E. U. Ladnier is entitled to one-half of such rentals for the years 1938 and 1939, with like interest, and judgment will be entered here accordingly.

So ordered.

**Roberds, J.**, delivered the opinion of the court on suggestion of error.

The judgment herein charged appellee bank with legal interest from the respective dates the rentals were received by it from the Texas Company. It is now suggested that if the bank is chargeable with interest, it should begin December 11, 1939, the date demand was made upon the bank for payment of the money. This point was not argued on the original appeal, but we think the contention is well taken. The suggestion of error is sustained to that extent, and the judgment will be modified so as to charge appellee with interest from above date.

Suggestion of error sustained in part.