STIGALL, et al. *v.* SHARKEY COUNTY.

Mar. 3, 1952.

No. 38026 (57 So. (2d) 146)

Apr. 7, 1952 (58 So. (2d) 5)

John B. Gee, and Clements & Clements, for appellants.

800

John S. Joor, Wright & Glazier, and Brunini, Everett, Grantham & Quin, for appellee.

**Roberds, J.**

The history of this litigation is as follows: In February, 1943, Stigall and wife and Elliot and wife and W. R. Corley filed the bill herein against Sharkey County. They alleged they owned lands in said County, which lands were also located in Otter Bayou Drainage District; that prior to 1939 their lands were well drained by the drainage system of this District; that, as a part of such drainage system, there existed canals numbered 1, 3 and 2, all running east and west, that canal No. 2 was on the south; No. 3 was something like a mile north of No. 2, and canal No. 1 was about a half mile north of No. 3; that there was also a lateral ditch, extending north and south, and which emptied into canal No. 2 at the south end thereof; that in 1939 and 1940 the supervisors of said County entirely filled up said lateral ditch and

constructed a public road thereon and which road extended across canal No. 3; that Stigall, one of complainants, had theretofore constructed a bridge over canal No. 3 at the point where said north and south road crosses that canal, which bridge amply permitted the flow of water thereunder; that the supervisors removed that bridge and placed under the road at canal No. 3 two 48 inch culverts, covering them with dirt, raising the road to the proper level; that these culverts were entirely too small to carry the water; that as a result of the construction of the north and south road in the drainage ditch and replacing said bridge with culverts too small to carry the water the crops of complainants had been destroyed for the years 1940, 1941 and 1942, and would be destroyed from year to year thereafter. The bill prayed for a money decree for such damage, and that an injunction issue requiring the supervisors to either remove said road so constructed in the drainage ditch, or adopt other means to afford drainage along that lateral ditch equal to that existing before construction of the road, and that the supervisors be further required to adopt means permitting the flow of water at the crossing of canal No. 3 as had existed before the placing of the concrete culverts thereunder. A further statement of the allegations of the bill may be found in Stigall v. Sharkey County, 197 Miss. 307, 20 So. (2d) 664.

Defendant demurred to that bill on the grounds (1) that the court in vacation had no power to issue a mandatory injunction, (2) that there was a misjoinder of parties and causes of action, and (3) that there was no equity on the face of the bill. The demurrer was sustained by the lower court. In the above cited case this Court held that the bill was not multifarious and that there was equity on the face of the bill, and the cause was remanded for further proceedings.

Before the next hearing Mr. Elliott and Mr. Stigall, two of the original complainants, had died, and the cause was revived on behalf of their legal representatives.

The cause came on for hearing again in September 1947. The chancellor concluded the supervisors had no jurisdiction over the road constructed in the lateral ditch and dismissed the bill.

On appeal Stigall v. Sharkey County, 207 Miss. 188, 42 So. (2d) 116, 120, this Court held that this was a county road and reversed and remanded the cause, saying, "The Chancellor did not decide whether the alleged wrongful acts caused complainant damage, and, if so, the extent thereof, nor whether mandatory injunction was justified, and, therefore, we express no opinion on those questions. The cause is remanded for determination of these questions upon another hearing."

The cause was retried in 1950. On August 16, 1950, the chancellor, by final decree, dismissed the bill with prejudice. However, he rendered a written opinion setting forth his reasons for that action. There were two reasons: The first was that, while as we understand the opinion, he found complainants had suffered damage, yet the method of proving the damage was not the before-and-after value test, as set out and discussed in Baker v. Mississippi State Highway Comm., 204 Miss. 166, 37 So. (2d) 169, and, second, that the chancery court had no power to issue a mandatory injunction against the supervisors even though the merits of the cause should require this to be done.

We do not think the first reason is well taken. This was not a suit for damage to land. The money decree sought is for the value of crops. An itemized statement of such damage had been filed with, and rejected by, the supervisors, and these rejected claims were made exhibits to the bill. The before-and-after value rule applies only to actions for the value of, or damage to, land.

And, even though damage to land had been sought in this cause, along with the other relief prayed for, the before-and-after value test would not have been exclusive under the circumstances here. An unusual situation was presented, which would have justified the chancellor in

adopting such rules as in reason and fairness to the parties would have best enabled him to "arrive at the true, accurate amount of the damage", as announced in the Baker case. ██ And, in this connection, we think it would work undue hardship upon complainants to dismiss their bill on the ground that the proper method was not used in proving damage for the reason, so far as we have detected, defendant did not object to proof of damage by the method adopted.

The chancellor thought he had no power to issue an injunction. That, of course, would not have justified dismissal of the bill, because a decree for damage might have been rendered, had the proof so justified, the equity court having already taken jurisdiction. However, ██ we think the chancellor has power to issue an injunction in this case—at least, to effectuate some of the remedial objects of the litigation, if the proof and justice so require. Specifically, the bill prays that the County be required to open a drainage ditch on the east side of the road the County placed in the north and south lateral ditch, or adopt some other efficient method of drainage in that respect, and that it be required to provide under the No. 3 crossing openings sufficient to carry the water which formerly flowed thereunder. Neither object is designed to direct the supervisors as to the type or character of road they are to construct, or to interfere with their judgment in such construction. In this may be found a vital distinction between this case and City of Water Valley v. Poteete, 203 Miss. 382, 33 So. (2d) 794, relied upon by the learned chancellor, where the effort was to require the mayor and aldermen to change the elevation of the street.

In addition to this, we think the law of this case, in respect to the power to issue an injunction, has been settled by the previous appeals.

On the first appeal, 197 Miss. 307, 20 So. (2d) 664, one of the questions presented and decided was whether the bill showed equity on its face. Except for the injunction

feature the action, by its nature, would have been a suit at law for damages. The injunctive aspect was the only element of equity. That drew the entire case into equity. Section 437, 2d Ed. Griffith's Chancery Practice. Indeed, on the first appeal this Court said: "The securing of this mandatory injunction is the paramount and dominant purpose of the bill." And the cause was remanded for further proceedings under that pronouncement.

On the second appeal, 207 Miss. 188, 42 So. (2d) 116, the cause was remanded to determine whether there had been damage and whether injunctive relief should be granted.

As bearing, more or less, upon the power and duty to issue injunctions under somewhat like circumstances, see Section 8320, Code 1942; Yazoo & M. V. Ry. Co. v. McConnell, 127 Miss. 581, 90 So. 321; Mississippi State Highway Comm. v. Yellow Creek Drainage Dist., 181 Miss. 651, 180 So. 749; Board of Sup'rs of Quitman County v. Carrier Lumber Co., 103 Miss. 324, 60 So. 326; Moss v. Jourdan, 129 Miss. 598, 92 So. 689; Ham v. Kings Daughters Circle, 170 Miss. 490, 155 So. 164; City of Jackson v. Robertson, 208 Miss. 422, 44 So. (2d) 523. The Moss and Ham cases deal especially with recurring wrongs and the inadequacy of repeated suits to fully compensate the injured party.

Of course, whether an injunction shall issue in the first place, and, if so, the extent thereof, are matters largely within the discretion of the chancellor. Many factors enter into the question. For instance, in the case at bar, it developed on the last hearing that both the Drainage District and the County have taken some steps to correct the drainage conditions as they existed when this bill was filed. Just what may be the situation on another hearing must be determined as of that time. By this we do not mean to intimate that an injunction should or should not be granted. We are simply holding that the

chancellor will have the power to do so if the facts, justice and equity require that it be done.

Reversed and remanded.

**Alexander, Hall, Holmes** and **Ethridge, JJ.**, concur.

ON SUGGESTION OF ERROR.

**Hall, J.**

In our former opinion in this case we held that the chancellor erred in refusing to consider evidence as to the value of appellants' crops at the time of their destruction and in holding that appellants' proof should show the value of the land before and after the damage. Appellee has filed a suggestion of error in which it argues that we held in the case of State Highway Commission v. McLendon, Miss., 53 So. (2d) 35, that the proper measure of damages is the "before and after" rule, and that our decision in that case is in hopeless conflict with this case. Appellee wholly misconstrues the decision in the McLendon case. While it is true that we there denied a recovery of damages for loss of crops, such denial was not based upon the method of proving the damage but was based upon the fact that under our decisions the State Highway Commission, under the facts of that case, was not liable for anything. The decision in the McLendon case followed the rule announced in State Highway Commission v. Knight, 170 Miss. 60, 154 So. 263. In the Knight case we pointed out that there is no statute which authorizes a suit against the State Highway Commission for the negligence of its agents and we said: "In the absence of a statute so providing, a public corporation created in invitum and supported by taxation is not liable for damages caused by the negligent acts of its officers and agents" and we cited many authorities to support this statement. We then further said: "A number of cases are cited by the appellee, but the only ones that could be here relevant are Rainey v. Hinds County, 78 Miss. 308,

28 So. 875, and Covington County v. Watts, 120 Miss. 428, 82 'So. 309, in each of which a county was held liable for damages caused a landowner by the negligent construction of a county road.  *   *   * In the Rainey Case, which was followed in the Watts Case, the court said that liability was imposed by chapter 117, Ann. Code 1892. Sections 3894, 3895, thereof, now appearing as sections 6342 and 6344, Code 1930, (which) provide for payment out of the county treasury of damages sustained by the owners of land or other persons, because of the construction of county roads.''

In the case at bar the suit is for damages resulting from the construction of a county road. The above mentioned statutes have been brought forward as Sections 8316 and 8318 of the Code of 1942. In addition thereto, Section 8320 of the 1942 Code specifically covers the case here presented and provides that the county shall pay "all damages to landowner''.

It is well settled that ██ ██ the proper method to be used in proving the damages in this case is to show the value of the crop at the time of destruction. 25 C. J. S., Damages, Sec. 85 b, p. 610, says: ''The measure of damages for the destruction of, or injury to, a crop is its value at the time and place of destruction.'' ██ ██ The rule for which appellee contends applies only  to a permanent injury to real property. 25 C. J. S., Damages, Sec. 84, p. 603.

Suggestion of error overruled.

**Roberds, Alexander, Holmes** and **Ethridge, JJ.**, concur.