BLAKELY v. BOARD OF SUP'RS OF GRENADA COUNTY.

(Division B. Jan. 14, 1935.)

[158 So. 483. No. 31526.]

W. M. Mitchell, of Grenada, for appellant.

S. C. Mims, Jr., of Grenada, for appellee.

Ethridge, P. J., delivered the opinion of the court.

The appellant, Blakely, filed a bill in the chancery court of Grenada county seeking to enjoin the board of supervisors from laying out and opening up a public road in said county, challenging the sufficiency of the proceedings therefor, and alleging that he was a resident citizen, landowner, and taxpayer of said supervisors' district. The petition for the road, the order of the board appointing the road commissioners, and the final order approving the road, were made exhibits to the bill. Appellant did not allege that the road would enter any lands belonging to him, or in which he had any in-

terest, nor did he allege that he had applied to any public authority having power to represent the public to file such suit.

The chancellor did not grant the preliminary injunction, but set a day for a preliminary hearing at which the board of supervisors appeared and answered, and among other things, setting up in its answer that the road had been completely opened, all expenses incurred therein paid, and that they had acted in good faith in dealing with said matter. The chancellor sustained a demurrer made a part of the answer and granted an appeal to settle the principles of the cause.

Section 6345, Code 1930, provides that: "All proceedings of the board of supervisors, in laying out, altering, or changing any public road, and assessing damages therefor, may be reviewed by the circuit court in respect to any matter of law arising on the face of the proceedings; and on the question of damages the cause may be tried anew, and the damages may be assessed by a jury if the owner of the land so desire," etc. This section grants a remedy at law, and, consequently, an injunction should not have been granted. In addition to this, the appellant did not show, by his bill, any right to challenge the action of the board of supervisors in said matter. No property of his was invaded by the laying out of said road, and it was shown that the road had been laid out and all expenses therefor paid out of the public funds; consequently, there was no burden upon the appellant's property, or himself, in reference thereto.

Furthermore, the public interest would suffer by the undue meddling of private citizens in matters of this kind. Before the appellant should be permitted to maintain a suit of this character, he should apply to an appropriate public authority to institute such suit in his behalf and that of the public generally. See McKee v. Hogan, 145 Miss. 747, 110 So. 775, where questions of

this kind are discussed and authorities reviewed. See, also, American Oil Co. v. Interstate Wholesale Grocers, Inc., 138 Miss. 801, 104 So. 70.

The judgment of the court below will be affirmed.

Affirmed and remanded.