McCLENDON et al. *v.* MISSISSIPPI STATE HIGHWAY COMMISSION.

In Banc. Jan. 24, 1949.

(38 So. (2d) 325)

·**Quinn & Stockdale**, for appellants.

**E. R. Holmes, Jr.** and **Green & Green,** for appellee and cross-appellant.

**Montgomery, J.**

From the record in this case, it appears that the highway, designated as U. S. 49, was constructed through Sections 35 and 36, Township 5 North, Range 1 East, Rankin County in the year 1932. At that time the highway, in that vicinity, crossed what is known as "Squirrel Branch". No improvement was made on the branch at that time but in 1936 certain work was done on it to straighten it and give it a uniform cross section with an 8 foot bottom and a one-half to one slope on its sides.

By 1940 the ditch or branch had again become so filled up as to interfere with proper drainage, and J. W. Quinn, H. L. Lowe, and T. H. Moody, through whose respective lands the branch ran, filed suits in the Circuit Court of Rankin County against the State Highway Commission, for damages done to their crops and lands respectively by the overflow of this branch. E. E. Turner, also a riparian owner, threatened to file suit. The Quinn suit was tried, resulted in a judgment of the Highway Commission and was appealed to the Supreme Court. At this point a settlement was agreed upon, the Lowe suit and the Moody suit, which were still pending in the aforesaid Circuit Court, were dismissed with prejudice. The Quinn suit, pending on appeal in the Supreme Court, was also dismissed with prejudice, and the Highway Commission cleaned out and restored "Squirrel Branch" to its 1936 specifications of an 8 foot bottom and one-half to one sloped sides. E. E. Turner also signed the agreement acquitting the Highway Commission from all dam-

ages contemplated in his proposed suit. There was a consideration of $1100.00 paid to these mentioned parties in full settlement of any and all damage arising out of or which might arise out of either the construction of the above mentioned channel or the contemplated construction of the channel as it was to be continued.

Moody sold part of his lands to H. T. McClendon in 1942 and sold the remainder to J. D. McClendon in 1943.

The branch again filled up so as to interfere with the drainage of the adjacent and other lands and on April 10, 1946, H. T. McClendon and ten other landowners filed their bill in the Chancery Court of Hinds County, praying for an injunction, enjoining the State Highway Commission from a continuation of the nuisance and praying for judgment on their respective claims for damages. The bill alleged the continuing nuisance to be common to all of the complainants, the defendant to be a common adversary and the purpose of the suit to be a common purpose in pursuit of a common adversary. The bill further alleged that each complainant had the right to resort to equity that the trespass was a continuing and recurring one and said rights may be combined in one suit not only for this reason but also to prevent a multiplicity of suits arising from the one single continuing and recurring cause against the one single adversary.

The Highway Commission answered, incorporating in their answer both a demurrer and a plea.

In Parker v. State Highway Commission, 173 Miss. 213, 162 So. 162, this Court held Section 17 of the Constitution of 1890 to be self-executing so as to entitle the owner of property damaged for public use to remedy in the courts and to damages for the injury sustained.

The bill in this case invoked two grounds of equitable jurisdiction, viz.: injuntive relief and to prevent a multiplicity of suits. As to the first there can be no doubt. The principle is so well settled as to be axiomatic. As to the second the question was settled in this

state by the decision in Stigall et al. v. Sharkey County, 197 Miss. 307, 20 (2d) 664.

While this suit was pending in the Chancery Court of Hinds County, as aforesaid, an agreement was entered into between the complainants and the Highway Commission wherein the Highway Commission agreed to do certain corrective drainage work on the branch and the complainants in this suit agreed to dismiss this suit with prejudice against each of them, upon each and every prayer for relief herein, except as to the sums claimed or demanded as damages shown in the bill and as to which the agreement should be in no way prejudicial to the rights of any of the parties, but recovery, if any, was to be had only to the extent and in the amount specified in the bill.

When the matter came on for hearing in the lower court, the Chancellor held that nothing remained to be tried but a suit at law for damages. He did not hear the respective claims of the parties but offered to either transfer the matter to the Circuit Court or to dismiss the cause without prejudice to the rights of the parties to sue at law. The parties taking no action, the court proceeded to dismiss the suit without prejudice. From this recree there is a direct and cross-appeal.

Of the eleven parties complainant, the R. L. Quinns, the Otho Griffins, the Haywood Walkers, the J. W. Turners, the Crimes Austins, and the M. R. Butlers had granted no easement and had executed no release of their respective claim for damages. It was contended, however, at least as to some, that they had bought subject to the nuisance. As to the H. T. McClendons and the J. D. McClendons the question had been raised in the pleadings as to whether they were precluded from recovery of damages by the release signed by their predecessor in title, T. H. Moody. The question had also been raised in the pleadings as to the right of the J. W. Quinns and the E. E. Turners to recover damages after executing the release made exhibit 7 to the answer. As to the rights of

any of these parties to maintain their respective suits the lower court expressed no opinion and we express none here. Suffice it to say that these parties and particularly those who had granted no easement and executed no release, had the right to have their controversies adjudicated by a court of competent jurisdiction.

It has long been settled in this state, as one of the pre-eminent principles of equity procedure, that the Chancery Court having taken jurisdiction on any one ground of equity, will thereupon proceed in the one suit to a complete adjudication and settlement of every one of all the several disputed questions materially involved in the entire transaction, awarding by a single comprehensive decree all appropriate remedies, legal as well as equitable, although all the other questions involved would otherwise be purely of legal cognizance; and in this state, the rule goes even to the extent that if the ground of equity fail under the proof, the cause may still be retained to a complete final decree on the remaining issues although the latter present legal subjects only and the decree would cover only legal rights and grant none but legal remedies,—that having taken jurisdiction the power of the court to administer full relief is limited by nothing but justice itself. Griffith's Chancery Practice, Sec. 28, p. 31.

In Atkinson v. Felder, 78 Miss. 83, 29 So. 767, a mortgagee brought suit in the Chancery Court for the recovery of the debt and the foreclosure of the mortgage. The note was a joint note executed by the husband and wife. The mortgage securing it was on the lands of the wife. The ground of equity jurisdiction was the foreclosure of the mortgage. The mortgage was held void because of the wife's insanity and her liability on the note was also thereby invalidated. Hence the ground of equity jurisdiction failed but it was held that the court should, nevertheless, retain and exercise its jurisdiction to render a personal decree against the husband for the money debt from him to the complainant.

Section 147 of the Constitution of 1890 provides as follows:

"No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; but if the Supreme Court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the Supreme Court may remand it to that court which, in its opinion, can best determine the controversy." ·

This Section of the Constitution covers only cases where the trial judge *assumes* jurisdiction. If therefore the Chancellor sustain a demurrer on the ground of no equity and *decline* jurisdiction, as in the case at bar, when in fact the case was one good in equity his action is as reviewable as if the section did not exist. Griffith's Chancery Practice, Sec. 512, page 513.

In Mitchell v. Bank of Indianola, 98 Miss. 658, 54 So. 87, one Mitchell deposited with the Bank of Indianola the sum of $9,500.00 to be held by the bank in trust to be paid over to certain persons if the title to certain lands being purchased by Mitchell was found to be good and if the title was found not to be good the money was to be repaid to Mitchell. The title to the land was not approved but the bank nevertheless declared the deposited fund forfeited and paid it over to the would-be sellers. Mitchell filed his bill in the Chancery Court alleging the terms of the trust and praying for a decree against the bank for the $9,500.00. There was a demurrer and the demurrer was, by the lower court, sustained. It was contended on appeal that a court of equity had no jurisdiction and that the subject matter of the suit was of exclusive legal cognizance. This court held that Section 147 of the Constitution of 1890 had no application because the lower court declined jurisdiction; that there was involved the question of trusts and that such was a

ground of equity jurisdiction and the lower court should have assumed jurisdiction by overruling the demurrer. The case was reversed and remanded.

Here, the Court below had two grounds of equitable jurisdiction, upon which the bill was predicated—the injunctive relief to abate the nuisance and to avoid a multiplicity of suits. After the abatement of the nuisance and the injunctive relief was settled out of the lawsuit, the court nevertheless still had jurisdiction to proceed to a full and complete determination of all of the remaining issues, even though they might cover only legal rights and require the granting of none but legal remedies.

Section 24 of the Constitution of 1890 provides:

"All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay."

These complainants have the right to have their controversy adjudicated in a court of competent jurisdiction. The Chancery Court of Hinds County was such a court and the learned Chancellor erred in denying them that right by dismissing their suit. The decree of the court below will be reversed and remanded.

Reversed and remanded on direct appeal. Affirmed on cross-appeal.