## Douglas *v.* Wayne County, Mississippi

No. 42280          April 2, 1962          139 So. 2d 372

*W. Vol Jones, Sr.* and *W. Vol Jones, Jr.*, Waynesboro, for appellant.

*A. G. Busby, Jr.,* Waynesboro, for appellee.

ETHRIDGE, J.

Appellant, E. C. Douglas, filed in the Chancery Court this action against Wayne County, Mississippi. He sought damages for the county's action in constructing a road across complainant's farm which blocked a natural drain and caused waters to back up upon his land, and an injunction to restrain the county from maintaining the embankment on the side of the road, without proper drainage facilities.

Defendant demurred to the bill, alleging complainant had a complete and exclusive remedy at law, the bill did not state any valid reasons for issuance of a mandatory injunction, and the court did not have any jurisdiction of the cause. The chancery court sustained this demurrer and allowed an interlocutory appeal.

The bill of complaint, filed in June 1961, made the following allegations: Douglas owned certain farm lands in Wayne County. In 1956 he conveyed to the county an easement across this land for the purpose of constructing and maintaining a public road. The construction was approved by the board of supervisors, which let a contract for it in 1956. The board was in direct control of and exercised full supervision over construction of the road, which was completed in March 1958. In the construction defendant caused an embankment or fill to be made across complainant's land at a place where there had been a natural drain of a low area. It caused water, which otherwise drained, to accumulate and impound upon complainant's land for long periods of time, rendering the land unfit for pasturage and crop-raising. This situation affected about twenty acres, is a continuing nuisance, and will work irreparable injury to complainant if allowed to continue. Complainant asserted he was entitled to damages for the loss of use and profits from his land, and an injunction against the county, enjoining it from maintaining the embankment and causing the water to impound upon his land. The bill charged that the property could be drained and the condition corrected, so as to prevent future damage, and the county should be directed to drain properly the land along and over the right-of-way. Douglas filed a claim with the board of supervisors for such damages, but the board, after inspecting the premises, declined to award any damages, and disallowed the claim. Hence the bill asked for damages and an injunction restraining the county from maintaining the embankment "without proper drainage facilities which would insure normal drainage" of the property. Defendant's demurrer to this bill was sustained by the trial court.

Miss. Code 1942, Rec., Secs. 8314-8320, provide a method of compensation for damages to persons through whose lands a road has been laid out, altered

or changed by the board of supervisors. The board may go upon the premises and assess damages. The board refused damages in this instance. Thereafter, an appeal may be taken from the board's order to the circuit court. Code Sec. 8319, Rec. However, these statutes do not provide an adequate remedy at law under the alleged facts. According to the averments of the bill of complaint, complainant's damages are continuing and will not terminate without remedying the drainage problems caused by construction of the road.

In Stigall v. Sharkey County, 197 Miss. 307, 20 So. 2d 664 (1945), complainants brought an action in chancery court against Sharkey County for a mandatory injunction requiring defendant to remove obstructions placed in drainage canals in the construction of a public road, and to rectify bad drainage conditions, resulting from the faulty construction of a road. Defendant's demurrer to the bill was sustained. On appeal the case was reversed and remanded. This Court held that the bill stated a good cause of action, a mandatory injunction was the paramount and dominant purpose of the suit, and the court had jurisdiction to consider the cause on the merits. On remand, the chancellor thought complainant failed to show the county was responsible for construction of the road, since the State Highway Department and workers for the WPA did certain work on it. On the second appeal, this decree was reversed and the cause again remanded. Stigall v. Sharkey County, 207 Miss. 188, 42 So. 2d 116 (1949). It was held that the county board of supervisors had jurisdiction over the road; and a survey by the state and aid in construction of the road would not divest jurisdiction out of the county and invest it in the State. The Court again recognized chancery jurisdiction of the suit for mandatory injunction, and said, ''A county is liable for damage to private property caused by the impounding of water thereon which has resulted from

the negligent and improper construction of a public highway by the county.''

After a hearing on the merits, the chancery court entered judgment for defendant, but on appeal the case was again reversed and remanded. Stigall v. Sharkey County, 213 Miss. 798, 57 So. 2d 146, 58 So. 2d 5 (1952). The opinion stated:

''The chancellor thought he had no power to issue an injunction. That, of course, would not have justified dismissal of the bill, because a decree for damage might have been rendered, had the proof so justified, the equity court having already taken jurisdiction. However, we think the chancellor has power to issue an injunction in this case — at least, to effectuate some of the remedial objects of the litigation, if the proof and justice so require. Specifically, the bill prays that the County be required to open a drainage ditch on the east side of the road the County placed in the north and south lateral ditch, or adopt some other efficient method of drainage in that respect, and that it be required to provide under the No. 3 crossing openings sufficient to carry the water which formerly flowed thereunder. Neither object is designed to direct the supervisors as to the type or character of road, they are to construct, or to interfere with their judgment in such construction. In this may be found a vital distinction between this case and City of Water Valley v. Poteete, 203 Miss. 382, 33 So. 2d 794, relied upon by the learned chancellor, where the effort was to require the mayor and aldermen to change the elevation of the street.

''In addition to this, we think the law of this case, in respect to the power to issue an injunction, has been settled by the previous appeals.''

In the third Stigall case, it was said that whether an injunction should issue and its extent are matters largely within the chancellor's discretion. The court had the

power to issue the injunction "if the facts, justice and equity require that it be done." On suggestion of error, it was noted that Miss. Code 1942, Rec., Secs. 8316-8318 and 8320 provide that the county shall pay all damages to a landowner resulting from construction of a road. Several earlier cases were discussed sustaining recovery of damages for negligent construction of a county road.

Another case supporting the injunctive jurisdiction of the chancery court in the present case is McClendon v. Miss. State Highway Commission, 205 Miss. 71, 38 So. 2d 325 (1949). This was a suit in chancery by Mc-Clendon and others against the State Highway Commission, seeking to enjoin the Commission from continuation of a nuisance by obstructing a water course through the construction of a state highway, and for damages to complainants' crops. While the suit was pending in chancery court, an agreement was entered into by the parties by which the prayer for injunctive relief was dismissed. On both of these issues, the opinion in *McClendon* stated: "The bill in this case invoked two grounds of equitable jurisdiction, viz.: injunctive relief and to prevent a multiplicity of suits. As to the first there can be no doubt. The principle is so well settled as to be axiomatic. As to the second the question was settled in this state by the decision in Stigall et al. v. Sharkey County, 197 Miss. 307, 20 So. 2d. 664.''

Blakely v. Board of Supervisors of Grenada County, 171 Miss. 652, 158 So. 483 (1935), is not inconsistent with the *Stigall* and *McClendon* cases. The bill of complaint filed against the county board of supervisors did not allege that the road was upon or affected any land belonging to complainant or in which he had any interest. It appeared to have been a taxpayer's suit to enjoin the opening up of a public road. The opinion observed that complainant should first apply to a "public authority" (apparently the district attorney or at-

torney general) to institute such a suit in his behalf and that of the public generally. Of considerable significance also is the fact that *Blakely* did not involve any issue of damages to private property required to be compensated for by Miss. Constitution, Sec. 17.

City of Water Valley v. Poteete, 203 Miss. 382, 33 So. 2d 794 (1948), denied an injunction against the city to compel changes in street construction. The third *Stigall* opinion distinguished *Poteete,* as quoted above. 213 Miss. at 804, 57 So. 2d at 148. In *Poteete* complainant sought to require the mayor and aldermen to change elevation of the street. In *Stigall, McClendon* and the instant case the bill is not designed to direct the supervisors as to the type of character of the road which they are to construct, or to interfere with their judgment. It seeks to require them to abate a nuisance caused by stopping the drainage from complainant's land, and to adopt some adequate and efficient method of drainage.

Exhibits to the bill indicate the road in question was a Federal aid project. However, Code Sec. 8319 does not affect the chancery court's jurisdiction here. The bill does not seek to prevent use of the road, but simply to require the board of supervisors to provide more adequate drainage to protect complainant's property. The chancery court erred in sustaining the demurrer to the bill. Hence that decree is reversed, and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

*McGehee, C. J.,* and *Gillespie, McElroy* and *Jones, JJ.,* concur.