# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-02357-SCT

*RIVER REGION MEDICAL CORPORATION d/b/a*
*PARKVIEW REGIONAL MEDICAL CENTER*

*v.*

*THOMAS PATTERSON*


| | |
|---|---|
| DATE OF JUDGMENT: | 12/19/2005 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JASON EDWARD DARE |
| | L. CARL HAGWOOD |
| | DAVID MARK EATON |
| ATTORNEYS FOR APPELLEE: | PAUL KELLY LOYACONO |
| | WILLIAM ALLEN HOOD |
| | WILLIAM A. PYLE |
| | JOHN DENVER FIKE |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND RENDERED - 11/29/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1. This case arises from a wrongful-death action brought in the Circuit Court of Warren County, Mississippi. The trial court granted partial summary judgment to River Region Medical Corporation ("River Region") as to the claims of the deceased's estate and Plaintiffs sought no other economic damages. The remaining claims at trial were the Plaintiffs' individual claims of loss of society and companionship. The jury awarded compensation in

the amount of $1,710,000 to the deceased's husband, Thomas Patterson, and her two daughters, Hallie and Brandy Nettles, for these individual claims. The minor daughters subsequently settled their claims and no longer are involved in this case. It is undisputed that Thomas Patterson did not present any evidence regarding his claim for damages. We find that the trial court erred in denying River Region's Motion for Judgment Notwithstanding the Verdict as to Patterson's claim. Accordingly, we reverse and render judgment in favor of River Region.

**FACTS**

¶2. Jennifer Nelson Nettles was admitted to River Region for the birth of her child, Brandy Nicole Nettles, who was born by cesarean section on December 26, 2001. Jennifer Nettles passed away later that day while still a patient at River Region. After her death, the decedent's daughters, Hallie and Brandy Nettles, filed a wrongful death action against River Region. Thomas Patterson, decedent's estranged husband, later joined the suit.

¶3. On September 15, 2005, the trial court granted Defendant's Motion for Partial Summary Judgment as to the claims of the estate of Jennifer Nelson Nettles. The claims remaining to be tried were for loss of society and companionship. At the close of Plaintiffs' case in chief, Defendant moved for a directed verdict, arguing that the Plaintiffs had not met their burden of proof regarding loss of society and companionship. At that time, counsel for Plaintiffs stipulated that Plaintiffs were seeking no other damages. Defendant's motion was denied and the case proceeded to the jury.

¶4. After a jury verdict for Plaintiffs, Defendant filed its "Motion for Judgment Notwithstanding Verdict, Motion for a New Trial or alternatively, Motion for Remittitur."

2

Again, Defendant argued that Plaintiffs had not proven loss of society and companionship. Again, Defendant's motion was denied. Defendant appealed to this Court, alleging six errors by the trial court. The following year, Defendant settled with Hallie and Brandy Nettles.

## DISCUSSION

¶5. River Region raised the following issues on appeal:

I. **Whether the Trial Court Committed Reversible Error by Allowing Eugene Michael Finan, M.D., to Express Opinions at Trial That Were Not Previously Disclosed**.

II. **Whether Terry Siverly Was Qualified to Testify as to Nursing Standards of Care.**

III. **Whether the Trial Court Committed Reversible Error by Admitting Photographs.**

IV. **Whether the Trial Court Committed Reversible Error by Excluding Evidence of Decedent's Alleged Illegal Drug Use.**

V. **Whether the Trial Court Committed Reversible Error in Instructing the Jury That All Damages Must Be Equally Divided Between the Three Plaintiffs.**

VI. **Whether the Trial Court Erred in Denying Defendant's Motion for Directed Verdict as to the Claims of Thomas Patterson.**

¶6. Because we hold that River Region was entitled to judgment notwithstanding the verdict pursuant to Mississippi Rules of Civil Procedure 50(b) as to Thomas Patterson's claim, it is not necessary to address other assignments of error.

¶7. In reviewing denials of motions for judgment notwithstanding the verdict, this Court uses the same standard as for motions for directed verdict. ***Twin County Electric Power Ass'n v. McKenzie***, 823 So. 2d 464, 468 (Miss. 2002).

3

"Under this standard, this Court will consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standards of review, however, are predicated on the fact that the trial judge applied the correct law."

*Id.* (citing *Alpha Gulf Coast, Inc. v. Jackson*, 801 So. 2d 709, 720 (Miss. 2001)).

¶8.    River Region asserts that Patterson put on no evidence as to his individual claim. At trial, Plaintiffs put on six witnesses, who all testified regarding the Defendant's liability. No witnesses testified to Plaintiffs' claims for loss of society and companionship. Patterson argues that, as a statutory wrongful-death beneficiary, he is not required to prove individual damages. Patterson is correct in that his relationship to the decedent is all that is required for him to recover a share of the damages which the decedent could have recovered "if death had not ensued." Such damages could include, among others, the decedent's lost wages and pain and suffering. However, no such claims were presented at trial. And because at trial the jury considered only the *individual* claims of each Plaintiff, Patterson bore the burden of proving his own claim of loss of society and companionship. This he did not do.

¶9.    The Wrongful Death Statute (the "Statute") in Mississippi, codified at Mississippi Code Annotated Section 11-7-13 (Rev. 2004), mandates that there can be only one suit for the benefit of all parties and that the damages for the injury and death of a married woman are equally distributed between her husband and children. In *Long v. McKinney*, 897 So. 2d 160 (Miss. 2004), this Court addressed the beleaguered state of the law in wrongful-death

4

actions. In ***Long,*** the Court aptly stated that "[n]o area of the law has historically provided more muddled, misquoted and misunderstood procedural rules, than civil claims for wrongful death." *Id.* at 162-163. The parties were wrongful death beneficiaries who fought over who would control the litigation when more than one chose to appear and be represented by counsel. *Id.* at 162. In the present case, three plaintiffs were represented by one attorney in one action. The dispute between the parties is not procedural in nature but rather substantive, regarding the burden of proof which belonged to each plaintiff.

¶10. In ***Long***, we stated "there are several kinds of damages which may be pursued, and *these damages are not due to the same claimants*." *Id.* at 169. (Emphasis added). "For instance, the estate is entitled to recover funeral costs and final medical expenses. The beneficiaries are entitled to recover for their *respective* claims of loss of society and companionship. The wrongful-death beneficiaries are entitled to recover the present net cash value of the decedent's continued existence." *Id.* (Emphasis added). Assuming Thomas Patterson was a legitimate wrongful-death beneficiary, as we must do in giving him all reasonable inferences, he would then be entitled to recover for himself any loss of society and companionship he might prove, and to share equally in the damages which might have been recovered by Ms. Nettles, "had death not ensued." Miss. Code Ann. § 11-7-13 (Rev. 2004).

¶11. After Ms. Nettles's unfortunate demise, it is true that under the statute, her husband and children would be entitled to damages should they prevail in their wrongful-death action. It is also true, therefore, that certain damages would have to be shared equally among them. However, here the jury awarded damages solely for loss of society and companionship.

5

These damages are separate from and possibly in addition to any damages they would share equally – i.e., the damages of the estate and those suffered by Ms. Nettles.

¶12.    In *Long*, the decedent's daughter was the sole beneficiary of his will.  Her brothers were disinherited. *Id.* at 170.  We noted that "a potential and incentive for Lori to vigorously pursue the claims of the estate, and her individual claim for loss of society, is clearly present.  Each dollar recovered for such claims *will inure entirely to the benefit of Lori, while other dollars recovered must be divided among the wrongful death beneficiaries*." *Id.* (Emphasis added).   Here, by entering into the litigation and bringing an individual claim for loss of society and companionship and nothing further, Patterson was then charged with **proving** this claim.  As River Region has correctly stated, "[u]nder Mississippi law, plaintiffs bear the burden of going forward with sufficient evidence to prove their damages by a preponderance of the evidence." *TXG Intrastate Pipeline Co. v. Grossnickle*, 716 So. 2d 991, 1016 (Miss. 1997). In a wrongful-death action where the decedent was electrocuted while renovating a sewage lift station in Anguilla, Mississippi, his widow and his four children brought suit. *Entergy Miss., Inc. v. Hayes*, 874 So. 2d 952, 953 (Miss. 2004).  In that case, we noted "The plaintiffs presented extensive testimonial evidence of the relationship each had with [decedent] and their suffering as a result of his death in support of their damages claim for loss of love, society, and companionship." *Id.* at 954.  Here, Patterson presented **no** evidence regarding any damages sustained from loss of society and companionship.  Claims of the estate or other wrongful-death economic damages were not at issue.  Therefore, River Region was entitled to judgment notwithstanding the verdict as to Patterson's claim.

## CONCLUSION

6

¶13.   Plaintiff Thomas Patterson did not prove any damages for loss of society and companionship.  As the jury considered no other claims on his behalf, nor were any claims remaining for the wrongful-death beneficiaries in their entirety, we find that River Region's Motion for Judgment Notwithstanding Verdict should have been granted.

¶14.   **REVERSED AND RENDERED**.

**WALLER, P.J., CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. GRAVES, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, P.J.**

**GRAVES, JUSTICE, DISSENTING:**

¶15.   I disagree with the majority's holding that River Region was entitled to judgment notwithstanding the verdict (JNOV).  Because I would affirm the jury verdict, I respectfully dissent.

¶16.   River Region did not raise an issue on appeal regarding the denial of the motion for JNOV, and "this Court has long held that issues not raised on appeal are procedurally barred from consideration."  *Glover v. Jackson State Univ.*, 755 So. 2d 395, 398 (Miss. 2000). Therefore, the issue of whether River Region was entitled to JNOV is procedurally barred and not properly before this Court.[1]

¶17.   The issue raised by River Region on appeal is whether the trial court erred in denying the motion for directed verdict.  While the standards of review for denial of directed verdict

---

[1]Additionally, in arguing that it was entitled to JNOV, River Region asserted that it was denied the opportunity to "disprove" that there was loss of society and companionship.  This presumes that these damages had indeed been proven.

7

and denial of JNOV are the same, the motions are separate and distinct. Further, River Region's argument on appeal that the trial court erred in denying the motion for directed verdict is without merit. River Region argued that a directed verdict was appropriate, in part, because the plaintiffs had failed to introduce any evidence as to life expectancy as required by *Gatlin v. Methodist Medical Center, Inc.*, 772 So. 2d 1023 (Miss. 2000). Thereafter, the trial court denied the motion for directed verdict, but allowed the plaintiffs to reopen their case-in-chief pursuant to *Gatlin* to introduce evidence as to life expectancy. In *Gatlin*, this Court found that the trial court should have allowed the plaintiff to reopen her case to present evidence as to life expectancy. Thus, the trial court did not err.

¶18. River Region later renewed the motion, arguing in part that the plaintiffs' claim "should be limited to the date of death and time of trial." The trial court properly denied the renewed motion, as Patterson had introduced evidence of life expectancy for all of the parties.

¶19. The majority also finds that damages for loss of society and companionship are not to be equally distributed pursuant to Mississippi Code Annotated section 11-7-13. However, the majority's finding is contradicted by the statutory language. Mississippi Code Annotated section 11-7-13 states, in relevant part:

> Except as otherwise provided in Section 11-1-69, in such action the party or parties suing shall recover such damages allowable by law as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit.

Miss. Code Ann. §11-7-13 (Rev. 2004).

¶20. This Court consistently has found that this language in section 11-7-13 includes damages for the loss of society and companionship. Specifically, this Court has said:

> This statutory language has been held to include (1) the present net cash value of the life expectancy of the deceased, (2) the loss of the companionship and society of the decedent, (3) the pain and suffering of the decedent between the time of injury and death, and (4) punitive damages. *Jesco, Inc. v. Whitehead,* 451 So. 2d 706, 710 (Miss. 1984); *Sheffield v. Sheffield,* 405 So. 2d 1314, 1318 (Miss. 1981); *Dickey v. Parham,* 331 So. 2d 917, 918-919 (Miss. 1976); *Thornton v. Ins. Co. of North America,* 287 So. 2d 262, 265 (Miss. 1973); *Scott v. K-B Photo Service, Inc.,* 260 So. 2d 842, 844 (Miss. 1972); *Boyd Constr. Co. v. Bilbro,* 210 So. 2d 637, 643 (Miss. 1968).

**McGowan v. Wright**, 524 So. 2d 308, 311 (Miss. 1988).

¶21. Section 11-7-13 further states, in relevant part:

> Any amount, but only such an amount, as may be recovered for property damage, funeral, medical or other related expenses shall be subject only to the payment of the debts or liabilities of the deceased for property damages, funeral, medical or other related expenses. **All other damages recovered under the provisions of this section** shall not be subject to the payment of the debts or liabilities of the deceased, except as hereinafter provided, and **such damages shall be distributed as follows:**
> Damages for the injury and death of a married man **shall be equally distributed** to his wife and children, and if he has no children all shall go to his wife; damages for the injury and death of a married woman **shall be equally distributed** to the husband and children, and if she has no children all shall go to the husband. . . .

Miss. Code Ann. § 11-7-13 (Rev. 2004) (emphasis added).

¶22. Clearly, section 11-7-13 includes damages for the loss of society and companionship. Further, such damages are not for property damage, funeral, medical or other related expenses. Therefore, such damages must fall into the category of "all other damages" which "shall be equally distributed." Moreover, this Court has upheld the equal distribution of such damages. *See* **Pannell v. Guess**, 671 So. 2d 1310 (Miss. 1996).

9

¶23.    Section 11-7-13 does not contain any language as used by the majority that "beneficiaries are entitled to recover for their *respective* claims of loss of society and companionship." An equal distribution of such damages may seem unfair. However, if this Court respects its recent trend, then it must strictly construe the statute. *See **Caves v. Yarbrough***, 2007 Miss. LEXIS 613, *14 (Miss. 2007). *See also **Gannett River States Publ. Co. v. Entergy Miss., Inc.,*** 940 So. 2d 221, 224-26 (Miss. 2006); ***Arceo v. Tolliver***, 949 So. 2d 691, 694 (Miss. 2006); ***Pitalo v. GPCHP-GP, Inc.,*** 933 So. 2d 927, 929 (Miss. 2006); ***Walker v. Whitfield Nursing Ctr., Inc.***, 931 So. 2d 583, 590-91 (Miss. 2006); and ***Univ. of Miss. Med. Ctr. v. Easterling***, 928 So. 2d 815, 820 (Miss. 2006). A strict construction of the statute would lead one to conclude that there would be no need for Patterson to prove individual damages for loss of society and companionship.

¶24.    Accordingly, I would find that the issue of whether the trial court properly denied the motion for JNOV is procedurally barred from consideration. I would also find that the trial court properly denied the motion for directed verdict. Because I would affirm the verdict of the jury, I respectfully dissent.

**DIAZ, P.J., JOINS THIS OPINION.**