ROBERTS, J.,
concurring in part and dissenting in part:
¶ 51. I concur with the majority’s analysis on the issue of attorneys’ fees; however, I must respectfully dissent from its cursory analysis of the issue raised on cross-appeal by the Estate. On cross-appeal, the Estate submits that the chancellor “erred in concluding she lacked jurisdiction to divide the proceeds of the [ujninsured [mjotorist settlement in a way that compensated wrongful[-]death beneficiaries for their respective losses of society and companionship.” The chancellor made the following statement in regard to the division of the settlement proceeds: “[T]he [chancery cjourt has previously expressed that it does not feel that it has jurisdiction to divide the proceeds among [the] aforementioned parties. It is the [c]ourt’s opinion that since the settlement was to include all claims of the heirs and wrongful death beneficiaries, the proceeds should be divided equally[.]” [15] Citing the Mississippi wrongful-death statute found in Mississippi Code Annotated section 11-7-13 (Supp.2013), the chancellor further explained in her order that “[a]ny attempt *895 ... to divide the settlement unequally[,j ‘taking into consideration ■... all damages of every kind to the decedent and all damages of every kind to any and all parties[,] ..would remove this matter from the purview of the [c]hancery [c]ourt[,] as such matters are ‘as the jury may determine.’ ” Lastly, the chancellor noted that “[i]n the event the [chancery cjourt is mistaken in its interpretation of the law, the parties have proffered affidavits ... regarding their respective loss of companionship.” I would find that the chancellor did have jurisdiction to divide the settlement; therefore, I would reverse and remand this issue for the chancellor to hear evidence from the beneficiaries and properly divide the settlement among the wrongful-death beneficiaries.
¶ 52. While wrongful-death cases are generally held in the circuit court and a jury would decide what damages to award and how to properly allocate them to each beneficiary, the case before us was never brought in the circuit court, and it results from a wrongful-death settlement. Thus, a jury did not decide the amount of damages and how to allocate them. Article 6, Section 159 of the Mississippi Constitution, in pertinent- part, confers jurisdiction of the' following matters to the chancery court: all matters in equity, matters testa-' mentary and of administration, and minor’s business. This Court acknowledged in In re Estate of Williams, 40 So.3d 1282, 1285 (¶ 11) (Miss.Ct.App.2010) (quoting Long v. McKinney, 897 So.2d 160, 174-76 (¶¶ 59-67) (Miss.2004)) that,
[wjhile a wrongful[-]death suit may be brought in circuit court, “chancery jurisdiction should be invoked” in certain instances, such as wrongful[-]death suits thát: (1) are brought on behalf of the deceased’s estate, (2) involve a minor, “either as an heir, a wrongful[-]death beneficiary, or both,” or (3) involve the determination 'of wrongfulHdeath beneficiaries.
Once the- chancery court has jurisdiction on any ground of equity, the chancery court will proceed to a complete adjudication and settlement of all issues. Derr Plantation Inc. v. Swarek, 14 So.3d 711, 718 (¶ 16) (Miss.2009) (citing McClendon v. Miss. State Highway Comm’n, 205 Miss. 71, 78, 38 So.2d 325, 327 (1949)).[16] The chancery court certainly had jurisdiction of the case because it involved all of the above-listed matters. It would follow that the chancery court then had jurisdiction to settle all the remaining issues, including the division of the settlement to the wrongful[-]death beneficiaries. Further, “[tjhe law has placed in the hands of the jury the matter of measuring damages in cases tried in circuit court, and this Court may not rightfully substitute its judgment for that of the jury.... In cases tried in chancery court, the rule is the same except that the test is whether the amount .of the *896 verdict is manifestly wrong.” Ill. Cent. R.R. v. Nelson, 245 Miss. 395, 410, 146 So.2d 69, 73 (1962). The quoted language supports a finding that the chancery court also has authority to measure wrongful[-]death damages if the case is in chancery court. Therefore, I find that the chancery court did have the jurisdiction to fully adjudicate the case.
¶ 53. Section 11-7-13 provides that “the parties- suing [under the wrongful-death statute] shall recover damages allowable by law as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit.” In Long, 897 So.2d at 169 (¶¶ 32-33), the supreme court stated:-
[I]t is necessary to first recognize that, in wrongful[-]death litigation, there are several kinds of damages which may be pursued, and these damages are not due to the same claimants.
For instance, the estate is entitled to recover funeral costs and final medical expenses. The beneficiaries are entitled to recover far their respective claims of loss of society and companionship. The wrongful[-]death beneficiaries are entitled to recover the present net cash value of the decédent’s continued existence.
(Emphasis added). Additionally, there is a abundance of case law that supports the premise that included in wrongful-death damage awards is an award for loss of society and companionship. See River Region Med. Corp. v. Patterson, 975 So.2d 205, 208 (¶ 10) (Miss.2007); McGowan v. Estate of Wright, 524 So.2d 308, 311 (Miss.1988); Thomas v. Hilburn, 654 So.2d 898, 903 (Miss.1995). As noted above, an award for loss of society and companionship is personal to each individual beneficiary, and each beneficiary must prove his entitlement to recover those damages. For example, in Patterson, 975 So.2d at 208 (¶ 10), the supreme court held: “Assuming Thomas Patterson was a legitimate wrongful-death beneficiary, ... he would then be entitled to recover for himself any loss of society and companionship he might prove, and to share equally in the damages which might have been recovered by [the decedent], had death not ensued.” Tbe supreme court also stated that there would certainly be some damages shared equally among the wrongful-death ' beneficiaries, but that damages for loss of society and companionship “are separate from ... any damages they would share equally.” Id. at (¶ 11). In Nelson, 245 Miss, at 409-410, 146 So.2d at 73, the supreme court held “each case must be reviewed on the basis of the particular facts involved, including the age of the deceased in a wrongful-death action, his life expectancy, his anticipated earnings, the intensity and duration of suffering, the relationship between the deceased and his survivors, and matters of dependency.” It is not logical that, absent evidence presented to the contrary, David Jr. and Allison could have suffered the same loss of society and companionship as Dane’s mother and biological brother. Though David Jr. and Allison are wrongful-death beneficiaries and are entitled to damages, they must prove they are entitled to any damages relating to the loss of society and companionship of a half-brother they never knew. The chancellor should have considered this when dividing the settlement instead of dividing the settlement equally.
¶ 54. Because I find that the chancellor erred in not considering evidence of damages to each beneficiary, I would reverse and remand this issue for the chancellor to hear evidence as to each beneficiary and allocate damages on that basis.
*897 IRVING, P. J., MAXWELL AND FAIR, JJ., JOIN THIS OPINION. GRIFFIS, P.J., JOINS THIS OPINION IN PART.

. At a hearing on September 23, 2011, the chancellor expressed her concern that she could not divide the settlement proceeds even though she sits as a finder of fact, just as jury does in circuit court. She acknowledged that the federal court assigned the chancellor the duty to divide the settlement, but that she did not know if it was valid for her to do that or not. At the hearing, the chancellor stated:
[Bjecause wrongful death is a ... statutory creature, [it] has to be strictly followed. Since I am not the trial court, I will not distribute, in any manner, the proceeds that are contrary to the law, which provides ' equal distribution. But in an effort to maybe settle this on a higher level, I will allow you to proffer that evidence in, that should it be deemed at a later date that I do have that authority over the trial court, as the statute currently provides, then that could be considered.

. In Swarek, 14 So.3d at 718 (¶ 16), the supreme court stated:
It has long been settled in this state, as one of the pre-eminent principles of equity procedure, that the [c]hancery [c]ourt[,] having taken jurisdiction on any one ground of equity, will thereupon proceed in the one suit to a complete adjudication and settlement of every one of all the several disputed questions materially involved in the entire transaction, awarding by a single comprehensive decree all appropriate remedies, legal as well as equitable, although all the other questions involved would otherwise be purely of legal cognizance; and in this state, the rule goes even to the extent that if the ground of equity fail under the proof, the cause may still be retained to a complete final decree on the remaining issues!,] although the latter present legal subjects only and the decree would cover only legal rights and grant none but legal -remedies, ... that having taken jurisdiction the power of the court to administer full relief is limited by nothing but justice itself.